UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL |
| | ) | |
| Plaintiff, | ) | McAllen, Texas |
| | ) | Friday, May 1, 2009 |
| vs. | ) | (10:06 a.m. to 12:05 p.m.) |
| | ) | |
| YOLANDA TOVAR, | ) CASE NO: | M-04-CR- 290-27 |
| JAIME LEE TREVINO, | ) CASE NO: | M-08-CR-1241-15 |
| JOSE JOAQUIN MORALES, | ) CASE NO: | M-08-CR-1242 |
| HECTOR MANUEL JIMENEZ, | ) CASE NO: | M-08-CR-1695 |
| JOSE ALFREDO RODRIGUEZ, | ) CASE NO: | M-08-CR-1751-4 |
| JESUS MARIA PEREZ, | ) CASE NO: | M-09-CR- 007 |
| RAMON PADILLA, JR., | ) CASE NO: | M-09-CR- 120-2 |
| SERGIO LUIS FERNANDEZ, | ) CASE NO: | M-09-CR- 120-3 |
| ANITA CHRISTINE DEPLANTY, | ) CASE NO: | M-09-CR- 262 |
| JOSE ORIOL HERNANDEZ-VASQUEZ, | ) CASE NO(s): | M-09-MJ-2443 |
| | ) | M-09-CR- 548 |
| ROBERTO JASON PINA, | ) CASE NO(s): | M-09-MJ-2552 |
| | ) | M-09-CR- 547 |
| | ) | |
| Defendants. | ) | |


REARRAIGNMENT

BEFORE THE HONORABLE RANDY CRANE,
UNITED STATES DISTRICT JUDGE


Appearances:            See Next Page

Interpreter:            Elena Medrano

Court Recorder:         Richard Cortez

Transcribed by:         Exceptional Reporting Services, Inc.
                        14493 S. Padre Island Drive
                        Suite A-400
                        Corpus Christi, TX 78418-5940
                        361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**


Plaintiff:                    CAROLYN FERKO, ESQ.
                              ANIBAL ALANIZ, ESQ.
                              MICHELLE ALLEN-MCCOY, ESQ.
                              ROBERT WELLS, ESQ.
                              PATRICIA RIGNEY, ESQ.
                              Assistant United States Attorney
                              1701 W. Business Hwy. 83
                              Suite 600
                              McAllen, Texas 78501


Yolanda Tovar:                C.J. QUINTANILLA, ESQ.
                              Garcia Quintanilla, et al.
                              5526 N. 10th
                              McAllen, Texas 78504


Jaime Lee Trevino:            REYNALDO MERINO, ESQ.
                              1012 Martin Avenue, Suite B
                              McAllen, Texas 78504


Jose Joaquin Morales:         JOHN R. TEAKELL, ESQ.
                              Milner & Finn
                              2828 N. Harwood St., Suite 1950
                              Dallas, Texas 75201


Hector Jimenez:               ABEL GUERRERO, ESQ.
                              Assistant Federal Public Defender
                              1701 W. Business Hwy. 83
                              Suite 405
                              McAllen, Texas 78501


Jose Rodriguez:               CARLOS QUINTANA, ESQ.
                              121 N. 10th St.
                              McAllen, Texas 78501


Jesus Perez,                  DARRELL BRYAN, ESQ.
Anita Deplanty,               Assistant Federal Public Defender
Jose Hernandez-Vasquez,       1701 W. Business Hwy. 83
Roberto Pina:                 Suite 405
                              McAllen, Texas 78501


Ramon Padilla:                ORLANDO RODRIGUEZ, ESQ.
                              205 W. Main Street
                              Rio Grande City, Texas 78582

<u>**APPEARANCES FOR**</u>:      (CONTINUED)


Sergio Fernandez:          ROBERTO J. YZAGUIRRE, ESQ.
                           Yzaguirre & Chapa
                           6521 N. 10th, Suite A
                           McAllen, Texas 78504

U.S. Probation Office:     Celina Guerra
                           1701 W. Business Hwy. 83
                           Suite 729
                           McAllen, Texas 78501

4

1        **McAllen, Texas; Friday, May 1, 2009; 10:06 a.m.**

2        **(Official Interpreter Utilized for Translation)**

3                        **(Call to Order)**

4        **THE COURT:**  Let's see.  04-CR-290-27, *U.S.A. versus*

5    *Yolanda Tovar.*

6        **MS. FERKO:**  The Government present and ready.

7        **MR. QUINTANILLA:**  We're ready, your Honor.

8        **THE COURT:**  There's not a lot of them.  Okay, and

9    then 08-1241-15, *U.S.A. versus Jaime Lee Trevino*?

10       **MR. ALANIZ:**  The Government is present and ready.

11       **MR. MERINO:**  Ready, Judge.

12       **THE COURT:**  Ms. Tovar, you understand English?

13       **DEFENDANT TOVAR:**  Yes.

14       **THE COURT:**  Okay, and Mr. Trevino, you also

15   understand English?

16       **DEFENDANT TREVINO:**  Yes, your Honor.

17       **THE COURT:**  08-1242, *U.S.A. versus Jose Joaquin*

18   *Morales.*

19       **MS. FERKO:**  The Government is present and ready.

20       **THE COURT:**  08-1695, *U.S.A. versus Hector Manuel*

21   *Jimenez.*

22       **MS. ALLEN-MCCOY:**  The Government is present and

23   ready.

24       **MR. GUERRERO:**  Mr. Jimenez is ready, your Honor.

25       **THE COURT:**  08-1751-4, *U.S.A. versus Jose Alfredo*

1  *Rodriguez.*

2          **MR. WELLS:**  The Government is present and ready.

3          **MR. QUINTANA:**  He's ready, your Honor.

4          **THE COURT:**  09-007, *U.S.A. versus Jesus Maria Perez.*

5          **MR. ALANIZ:**  The Government is present and ready.

6          **MR. BRYAN:**  Your Honor, he's present and ready.

7          **THE COURT:**  09-120-2, *U.S.A. versus Ramon Padilla.*

8          **MS. FERKO:**  The Government present and ready.

9          **MR. RODRIGUEZ:**  He's present and ready, Judge.

10          **THE COURT:**  09-120-3, *U.S.A. versus Sergio Luis*

11  *Fernandez.*

12          **MS. FERKO:**  Government present and ready.

13          **MR. YZAGUIRRE:**  He's present and ready, your Honor.

14          **THE COURT:**  09-262, *U.S.A. versus Anita Christine*

15  *Deplanty.*

16          **MS. ALLEN-MCCOY:**  The Government is present and

17  ready.

18          **MR. BRYAN:**  Your Honor, she's present and ready.

19          **THE COURT:**  09-548, *U.S.A. versus Jose Oriol*

20  *Hernandez-Vasquez.*

21          **MS. FERKO:**  Government present and ready.

22          **MR. BRYAN:**  Your Honor, Mr. Hernandez is present and

23  ready.  He needs the service of an interpreter.  That would be

24  a plea to the information, your Honor.

25          **THE COURT:**  And finally 09-547, *U.S.A. versus Roberto*

1    *Jason Pina.*

2         **MS. RIGNEY:**  Government is present and ready.

3         **MR. BRYAN:**  Your Honor, Mr. Pina is also present and

4    ready; and I've got all his pretrial information, your Honor.

5         **THE COURT:**  Okay.  Is there anybody I didn't call?

6    **(No audible response)**

7         No.  Everybody -- okay.

8         Okay.  I need to have the oath administered to all of

9    you, so if everybody at this time would please raise your right

10   hand.

11   **(Defendants sworn)**

12        **THE COURT:**  Okay.  And you're not --

13        Well, first of all, there's a dozen of you.  All of

14   your cases are unique cases.  You're going to be treated

15   individually as you proceed through the federal court system.

16   I'm hearing all of your cases together this morning because I'm

17   going to ask the same questions to each of you and so it's more

18   efficient that I proceed in this fashion.

19        Your answers to my questions, though, are largely

20   going to be different because each of your cases is a little

21   bit different.  And it's important that the court reporter

22   accurately records who's answering and what you're saying.  So

23   from this point forward, wait until I call your name before you

24   give me an answer.

25        You're now all under oath.  This means you're

1    required to answer my questions truthfully.  If you did not

2    answer all of my questions truthfully, you could be later

3    prosecuted in a separate action for committing perjury or for

4    making a false statement.

5              Do you understand this, Ms. Tovar?

6              **DEFENDANT TOVAR:**  Yes, your Honor.

7              **THE COURT:**  Mr. Trevino?

8              **DEFENDANT TREVINO:**  Yes, your Honor.

9              **THE COURT:**  Mr. Morales?

10             **DEFENDANT MORALES:**  Yes, sir.

11             **THE COURT:**  Mr. Jimenez?

12             **DEFENDANT JIMENEZ:**  Yes, your Honor.

13             **THE COURT:**  Mr. Rodriguez?

14             **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

15             **THE COURT:**  Mr. Perez?

16             **DEFENDANT PEREZ:**  Yes, sir.

17             **THE COURT:**  Mr. Padilla?

18             **DEFENDANT PADILLA:**  Yes, your Honor.

19             **THE COURT:**  Mr. Fernandez?

20             **DEFENDANT FERNANDEZ:**  Yes, your Honor.

21             **THE COURT:**  Mr. or Ms. Deplanty?

22        **(No audible response)**

23             **THE COURT:**  Mr. Hernandez?

24             **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes.

25             **THE COURT:**  And Mr. Pina?

1      **DEFENDANT PINA:**  Yes, your Honor.

2      **THE COURT:**  Okay.  I've been told that each of you

3  intends to plead guilty to at least one of the charges that is

4  pending against you.  Before I can accept your guilty plea, I

5  need to make certain that this is done of your own free will

6  and in accordance with law; and that's because when you plead

7  guilty in this country, you give up some important rights.

8      So I'm going to explain some of these rights to you

9  here this morning.  If at any point during this process, you do

10  not understand something that I ask or say, simply let me know

11  and I'm happy to explain my question to you.

12      We're going to begin with you, Ms. Tovar.  What is

13  your full and complete name?

14      **DEFENDANT TOVAR:**  Yolanda Tovar.

15      **THE COURT:**  And how old are you?

16      **DEFENDANT TOVAR:**  Thirty-two.

17      **THE COURT:**  How far did you go in school?

18      **DEFENDANT TOVAR:**  I went to the tenth grade but I got

19  my GED.

20      **THE COURT:**  Can you read and write English?

21      **DEFENDANT TOVAR:**  Yes, sir.

22      **THE COURT:**  Are you generally in good physical

23  health?

24      **DEFENDANT TOVAR:**  Yes, sir.

25      **THE COURT:**  Have you ever been treated for any mental

1  illness or mental disorder or for addiction to drugs of any

2  kind?

3          **DEFENDANT TOVAR:**  No, your Honor.

4          **THE COURT:**  Within the past 24 hours, have you taken

5  any drugs, pills or medicine or consumed any alcohol?

6          **DEFENDANT TOVAR:**  I take a pill for depression.

7          **THE COURT:**  Does that medicine affect your ability to

8  understand my questions or to answer them clearly?

9          **DEFENDANT TOVAR:**  No, your Honor.

10         **THE COURT:**  Have you in fact understood all my

11 questions and do you believe that you're competent to proceed?

12         **DEFENDANT TOVAR:**  Yes, your Honor.

13         **THE COURT:**  Okay.  Mr. Quintanilla, do you have any

14 reason to doubt your client's competence?

15         **MR. QUINTANILLA:**  No doubt whatsoever.

16         **THE COURT:**  Okay.  Mr. Trevino, what's your full

17 name?

18         **DEFENDANT TREVINO:**  Jaime Lee Trevino.

19         **THE COURT:**  How old are you?

20         **DEFENDANT TREVINO:**  Thirty-two.

21         **THE COURT:**  And how far did you go in school?

22         **DEFENDANT TREVINO:**  Twelfth grade.

23         **THE COURT:**  Here in United States?

24         **DEFENDANT TREVINO:**  Yes, sir.

25         **THE COURT:**  Can you read and write English?

1          **DEFENDANT TREVINO:**  Yes, your Honor.

2          **THE COURT:**  Are you generally in good physical

3    health?

4          **DEFENDANT TREVINO:**  Yes, your Honor.

5          **THE COURT:**  Have you ever been treated for any mental

6    illness, any mental disorder or for addiction to drugs of any

7    kind?

8          **DEFENDANT TREVINO:**  No, your Honor.

9          **THE COURT:**  Within the past 24 hours, have you taken

10   any drugs, pills or medicine or consumed any alcohol?

11         **DEFENDANT TREVINO:**  No, your Honor.

12         **THE COURT:**  Have you understood all of my questions

13   and do you believe you're competent to proceed?

14         **DEFENDANT TREVINO:**  Yes, your Honor.

15         **THE COURT:**  Mr. Morales, what's your full name?

16         **DEFENDANT MORALES:**  Jose Joaquin Morales.

17         **THE COURT:**  I'm sorry.  Mr. Merino, I didn't ask.  Do

18   you have any reason to doubt your client's competence?

19         **MR. MERINO:**  No doubt as to competence.

20         **THE COURT:**  Okay.  Mr. Morales, how old are you?

21         **DEFENDANT MORALES:**  Thirty-five.

22         **THE COURT:**  How far did you go in school?

23         **DEFENDANT MORALES:**  Graduated.

24         **THE COURT:**  From high school?

25         **DEFENDANT MORALES:**  Yes, sir.

1          **THE COURT:**  What city?

2          **DEFENDANT MORALES:**  Baltimore, Maryland.

3          **THE COURT:**  Can you read and write English?

4          **DEFENDANT MORALES:**  Yes, sir.

5          **THE COURT:**  Are you generally in good physical

6     health?

7          **DEFENDANT MORALES:**  Yes, sir.

8          **THE COURT:**  Have you ever been treated for any mental

9     illness, mental disorder or for addiction to drugs of any kind?

10          **DEFENDANT MORALES:**  No, sir.

11          **THE COURT:**  Within the past 24 hours, have you taken

12     any drugs, pills or medicine or consumed any alcohol?

13          **DEFENDANT MORALES:**  No, sir.

14          **THE COURT:**  Have you understood all my questions and

15     do you believe you're competent to proceed?

16          **DEFENDANT MORALES:**  Yes, sir.

17          **THE COURT:**  Okay.  Mr. Teakell, do you have any

18     reason to doubt your client's competence?

19          **MR. TEAKELL:**  No, your Honor.  He is competent.

20          **THE COURT:**  Okay, Mr. Jimenez, what's your full name?

21          **DEFENDANT JIMENEZ:**  Hector Manuel Jimenez, sir.

22          **THE COURT:**  How old are you?

23          **DEFENDANT JIMENEZ:**  Twenty-one, sir.

24          **THE COURT:**  How far did you go in school?

25          **DEFENDANT JIMENEZ:**  I got my GED, sir.

1          **THE COURT:**  And what high school did you go to?

2          **DEFENDANT JIMENEZ:**  To Mac High (phonetic).

3          **THE COURT:**  Can you read and write English?

4          **DEFENDANT JIMENEZ:**  Yes, sir.

5          **THE COURT:**  Are you generally in good physical

6  health?

7          **DEFENDANT JIMENEZ:**  Yes, sir.

8          **THE COURT:**  Have you ever been treated for mental

9  illness, mental disorder or for addiction to drugs of any kind?

10          **DEFENDANT JIMENEZ:**  No, sir.

11          **THE COURT:**  Within the past 24 hours, have you taken

12  any medicine, pills or drugs or consumed any alcohol?

13          **DEFENDANT JIMENEZ:**  No.

14          **THE COURT:**  Have you understood all these questions

15  and do you believe you're competent to proceed?

16          **DEFENDANT JIMENEZ:**  Yes, sir.

17          **THE COURT:**  Mr. Guerrero, any reason to doubt the

18  competence of any of your clients?

19          **MR. GUERRERO:**  No doubt, your Honor.

20          **THE COURT:**  Mr. Rodriguez, what's your full name?

21          **DEFENDANT RODRIGUEZ:**  Jose Alfredo Rodriguez.

22          **THE COURT:**  How old are you?

23          **DEFENDANT RODRIGUEZ:**  I'm 36.

24          **THE COURT:**  And how far did you go in school?

25          **DEFENDANT RODRIGUEZ:**  Graduated.

1              **THE COURT:**  What high school?

2              **DEFENDANT RODRIGUEZ:**  Hidalgo High School.

3              **THE COURT:**  Can you read and write English?

4              **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

5              **THE COURT:**  Are you generally in good physical

6    health?

7              **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

8              **THE COURT:**  Have you ever been treated for any mental

9    illness or mental disorder or for addiction to drugs of any

10   kind?

11             **DEFENDANT RODRIGUEZ:**  No, your Honor.

12             **THE COURT:**  Within the past 24 hours, have you taken

13   any drugs, pills or medicine or consumed any alcohol?

14             **DEFENDANT RODRIGUEZ:**  No, your Honor.

15             **THE COURT:**  Have you understood all my questions and

16   do you believe you're competent to proceed?

17             **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

18             **THE COURT:**  Mr. Quintana, any reason to doubt your

19   client's competence?

20             **MR. QUINTANA:**  He's competent.

21             **THE COURT:**  Okay.  Mr. Perez, what's your full name?

22             **DEFENDANT PEREZ:**  Jesus Maria Perez.

23             **THE COURT:**  How old are you?

24             **DEFENDANT PEREZ:**  Fifty-one.

25             **THE COURT:**  How far did you go in school?

14

1          **DEFENDANT PEREZ:**  Tenth grade.

2          **THE COURT:**  That's here in the United States?

3          **DEFENDANT PEREZ:**  Yes, sir.

4          **THE COURT:**  What city?

5          **DEFENDANT PEREZ:**  Mission.

6          **THE COURT:**  Can you read and write English?

7          **DEFENDANT PEREZ:**  Yes, sir.

8          **THE COURT:**  Are you generally in good physical

9    health?

10         **DEFENDANT PEREZ:**  Yes, sir.

11         **THE COURT:**  Have you ever been treated for any mental

12   illness or mental disorder or for addiction to drugs of any

13   kind?

14         **DEFENDANT PEREZ:**  No, sir.

15         **THE COURT:**  Within the past 24 hours, have you taken

16   any medicine, pills or drugs or consumed any alcohol?

17         **DEFENDANT PEREZ:**  No, sir.

18         **THE COURT:**  No.  Have you understood all my questions

19   and do you believe you're competent to proceed?

20         **DEFENDANT PEREZ:**  Yes, sir.

21         **THE COURT:**  Okay.  Mr. Padilla, what's your full

22   name?

23         **DEFENDANT PADILLA:**  Ramon Padilla, Junior.

24         **THE COURT:**  How old are you?

25         **DEFENDANT PADILLA:**  Twenty-six.

15

1          THE COURT:  How far did you go in school?

2          DEFENDANT PADILLA:  I graduated.

3          THE COURT:  What high school?

4          DEFENDANT PADILLA:  Selma, in California.

5          THE COURT:  Okay.  Can you read and write English?

6          DEFENDANT PADILLA:  Yes.

7          THE COURT:  Are you generally in good physical

8  health?

9          DEFENDANT PADILLA:  Yes.

10          THE COURT:  Have you ever been treated for any mental

11  illness or mental disorder or for addition to drugs of any

12  kind?

13          DEFENDANT PADILLA:  No.

14          THE COURT:  Within the past 24 hours, have you taken

15  any drugs, pills or medicine or consumed any alcohol?

16          DEFENDANT PADILLA:  A pill, a penicillin pill.

17          THE COURT:  Just some antibiotics?

18          DEFENDANT PADILLA:  Yes.

19          THE COURT:  Does this medicine in any way affect your

20  ability to understand my questions or to answer them clearly?

21          DEFENDANT PADILLA:  No, your Honor.

22          THE COURT:  Have you in fact understood all my

23  questions and do you believe you're competent to proceed?

24          DEFENDANT PADILLA:  Yes, your Honor.

25          THE COURT:  Mr. Rodriguez, any reason to doubt your

16

1   client's competence?

2           **MR. RODRIGUEZ:**  No such doubt, Judge.

3           **THE COURT:**  Okay.  Mr. Fernandez, what's your full

4   name?

5           **DEFENDANT FERNANDEZ:**  Sergio Luis Fernandez.

6           **THE COURT:**  How old are you?

7           **DEFENDANT FERNANDEZ:**  Forty-eight.  (Repeats in

8   Spanish)

9           **THE COURT:**  And how far did you go in school?

10          **DEFENDANT FERNANDEZ:**  I graduated in Mexico City.

11  (Interpreter repeats)

12          **THE COURT:**  Do you understand some English?

13          **DEFENDANT FERNANDEZ:**  A little.

14          **THE COURT:**  Okay.  Are you generally in good physical

15  health?

16          **DEFENDANT FERNANDEZ:**  Yes.

17          **THE COURT:**  Have you ever been treated for any mental

18  illness or mental disorder or for addiction to drugs?

19          **DEFENDANT FERNANDEZ:**  No.

20          **THE COURT:**  Within the past 24 hours, have you taken

21  any medicine, pills or drugs or consumed any alcohol?

22          **DEFENDANT FERNANDEZ:**  No.

23          **THE COURT:**  Have you understood all these questions

24  and do you believe you're competent to proceed?

25          **DEFENDANT FERNANDEZ:**  Yes.

17

1          **THE COURT:**  Okay.  Mr. Yzaguirre, do you have any

2  reason to doubt your client's competence?

3          **MR. YZAGUIRRE:**  No doubt.

4          **THE COURT:**  Okay.  Ms. Deplanty, what's your full

5  name?

6          **DEFENDANT DEPLANTY:**  Anita Christine Deplanty.

7          **THE COURT:**  And how old are you?

8          D**EFENDANT DEPLANTY:**  Thirty.

9          **THE COURT:**  How far did you go in school?

10         **DEFENDANT DEPLANTY:**  Some college, sir.

11         **THE COURT:**  Here in the United States?

12         **DEFENDANT DEPLANTY:**  Yes, sir.

13         **THE COURT:**  Can you read and write English?

14         **DEFENDANT DEPLANTY:**  Yes, sir.

15         **THE COURT:**  Are you generally in good physical

16  health?

17         **DEFENDANT DEPLANTY:**  Yes, sir.

18         **THE COURT:**  Have you ever been treated for any mental

19  illness or mental disorder or for addiction to drugs of any

20  kind?

21         **DEFENDANT DEPLANTY:**  No, sir.

22         **THE COURT:**  Within the past 24 hours, have you taken

23  any medicine, pills or drugs or consumed any alcohol?

24         **DEFENDANT DEPLANTY:**  Prescription medicine for pain,

25  sir.

1          **THE COURT:**  Does this medicine in any way affect your

2   ability to understand my questions or answer them clearly?

3          **DEFENDANT DEPLANTY:**  No, sir.

4          **THE COURT:**  Have you in fact understood all of my

5   questions and do you believe you're competent to proceed?

6          **DEFENDANT DEPLANTY:**  Yes, I am, sir.

7          **THE COURT:**  Mr. Bryan, any reason to doubt your

8   client's competence?

9          **MR. BRYAN:**  No, sir.

10          **THE COURT:**  Okay.  Mr. Hernandez, what's your full

11   name?

12          **DEFENDANT HERNANDEZ-VASQUEZ:**  Hernandez-Vasquez Jose

13   Oriol.

14          **THE COURT:**  And how old are you?

15          **DEFENDANT HERNANDEZ-VASQUEZ:**  Thirty-five.

16          **THE COURT:**  How far did you go in school?

17          **DEFENDANT HERNANDEZ-VASQUEZ:**  Finished college.

18          **THE COURT:**  In what country?

19          **DEFENDANT HERNANDEZ-VASQUEZ:**  In Mexico.

20          **THE COURT:**  Do you understand any English?

21          **DEFENDANT HERNANDEZ-VASQUEZ:**  No.

22          **THE COURT:**  Are you generally in good physical

23   health?

24          **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes.

25          **THE COURT:**  Have you ever been treated for any mental

19

1    illness or mental disorder or for addiction to drugs?

2           **DEFENDANT HERNANDEZ-VASQUEZ:**  No.

3           **THE COURT:**  Within the past 24 hours, have you taken

4    any medicine, pills or drugs or consumed any alcohol?

5           **DEFENDANT HERNANDEZ-VASQUEZ:**  Pill for tooth.

6           **THE COURT:**  Does that medicine in any way affect your

7    ability to understand my questions or answer them clearly?

8           **DEFENDANT HERNANDEZ-VASQUEZ:**  No, sir.

9           **THE COURT:**  Do you -- have you in fact understood all

10   my questions and do you believe you're competent to proceed?

11          **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

12          **THE COURT:**  Okay.  Mr. Bryan, do you have any doubt

13   about the competence of any of your clients?

14          **MR. BRYAN:**  No, sir.

15          **THE COURT:**  Okay, and then finally Mr. Pina, what's

16   your full name?

17          **DEFENDANT PINA:**  Roberto Jason Pina.

18          **THE COURT:**  And how old are you?

19          **DEFENDANT PINA:**  Twenty-four.

20          **THE COURT:**  How far did you go in school?

21          **DEFENDANT PINA:**  Ninth grade.

22          **THE COURT:**  And what high school?

23          **DEFENDANT PINA:**  Roma High School.

24          **THE COURT:**  Roma.  Can you read and write English?

25          **DEFENDANT PINA:**  Yes, sir.

20

1          **THE COURT:**  Are you generally in good physical

2    health?

3          **DEFENDANT PINA:**  Yes, sir.

4          **THE COURT:**  Have you ever been treated for any mental

5    illness or mental disorder or for addiction to drugs of any

6    kind?

7          **DEFENDANT PINA:**  I've been to some rehab.

8          **THE COURT:**  Okay.  In the past 24 hours, have you

9    taken any drugs, pills or medicine or consumed any alcohol?

10         **DEFENDANT PINA:**  No, your Honor.

11         **THE COURT:**  Have you understood all these questions

12   and do you believe you're competent to proceed?

13         **DEFENDANT PINA:**  Yes, sir.

14         **THE COURT:**  Okay.  Mr. Bryan, the last two are

15   proceeding by criminal information?

16         **MR. BRYAN:**  Correct, your Honor.

17         **THE COURT:**  Okay.  Mr. Hernandez and Mr. Pina, you

18   have a constitutional right to be charged by indictment of a

19   grand jury, but you can waive that right and agree or consent

20   to being charged by a criminal information filed by the U.S.

21   Attorney.

22         Instead of an indictment, the felony charges against

23   you have been brought by the U.S. Attorney's filing of this

24   criminal information.  Unless you waive indictment, you may not

25   be charged with a felony offense in this country unless a grand

1    jury finds that there is probable cause to believe a crime has

2    been committed and that you have committed it.

3        If you do not waive your right to an indictment, then

4    the Government may present its case to a grand jury and ask the

5    grand jury to indict you; and a grand jury, as you know, is a

6    group of people of no more than 26 but at least 16 -- I'm

7    sorry, at least 12 -- I'm sorry, I was right, at least 16 --

8    and 12 of them must find that there is probable cause to

9    believe a crime has been committed and that you committed it

10   before you can be indicted.  And a grand jury may or may not

11   indict you.

12       But if you waive your right to an indictment by a

13   grand jury, then these charges will proceed against you just as

14   though you had been indicted by a grand jury.

15       Have you discussed waiving your right to an

16   indictment by a grand jury with your attorney?

17       Mr. Hernandez?

18       **DEFENDANT HERNANDEZ-VASQUEZ:**  (indiscernible) guilty.

19       **THE COURT:**  No.  But have you discussed with your

20   lawyer waiving your right to an indictment?

21       **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, I discussed it.

22       **THE COURT:**  Okay.  Mr. Pina, have you discussed it?

23       **DEFENDANT PINA:**  Yes, your Honor.

24       **THE COURT:**  Do you understand that you have a right

25   to an indictment by a grand jury?

22

1          Mr. Hernandez?

2          **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes.

3          **THE COURT:**  Mr. Pina?

4          **DEFENDANT PINA:**  Yes, your Honor.

5          **THE COURT:**  Have any threats or promises been made to

6    you to induce you to waive this right to an indictment by a

7    grand jury?

8          Mr. Hernandez?

9          **DEFENDANT HERNANDEZ-VASQUEZ:**  No.

10         **THE COURT:**  Mr. Pina?

11         **DEFENDANT PINA:**  No, your Honor.

12         **THE COURT:**  And at this time, do you wish to waive

13   your right to an indictment by a grand jury?

14         Mr. Hernandez?

15         **DEFENDANT HERNANDEZ-VASQUEZ:**  I did not understand

16   this.

17         **THE COURT:**  At this time, would you like to waive

18   your right to an indictment by a grand jury and just proceed

19   today with this criminal information that's been filed against

20   you?

21      **(No audible response)**

22         **THE COURT:**  Mr. Pina?

23         **DEFENDANT PINA:**  Yes, your Honor.

24         **THE COURT:**  Mr. Hernandez?

25         **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes.

1          **THE COURT:**  Okay.  If you could please execute the

2   waivers here in open court.

3          Okay.  The record will reflect that each of these

4   Defendants has executed their waivers here in open court.  The

5   Court finds that they were knowingly and voluntarily entered.

6   I, therefore, accept them.

7          Have each of you received a copy of the indictment?

8   That's just the written charge pending against you or the

9   criminal information, and have you had a chance to review and

10  discuss these charges that are against you with your attorney?

11         Ms. Tovar?

12         **DEFENDANT TOVAR:**  Yes, your Honor.

13         **THE COURT:**  Mr. Trevino?

14         **DEFENDANT TREVINO:**  Yes, your Honor.

15         **THE COURT:**  Mr. Morales?

16         **DEFENDANT MORALES:**  Yes, your Honor.

17         **THE COURT:**  Mr. Jimenez?

18         **DEFENDANT JIMENEZ:**  Yes, your Honor.

19         **THE COURT:**  Mr. Rodriguez?

20         **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

21         **THE COURT:**  Mr. Perez?

22         **DEFENDANT PEREZ:**  Yes, your Honor.

23         **THE COURT:**  Mr. Padilla?

24         **DEFENDANT PADILLA:**  Yes, your Honor.

25         **THE COURT:**  Mr. Fernandez?

24

1          **DEFENDANT FERNANDEZ:**  Yes, sir.

2          **THE COURT:**  Mr. Deplant -- Ms. Deplanty?

3       (**No audible response**)

4          **THE COURT:**  Mr. Hernandez?

5          **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

6          **THE COURT:**  And Mr. Pina?

7          **DEFENDANT PINA:**  Yes, your Honor.

8          **THE COURT:**  Do any of you have any questions about

9    these charges that are against you that your lawyer could not

10   answer for you?

11         Ms. Tovar?

12         **DEFENDANT TOVAR:**  No, your Honor.

13         **THE COURT:**  Mr. Trevino?

14         **DEFENDANT TREVINO:**  No, your Honor.

15         **THE COURT:**  Mr. Morales?

16         **DEFENDANT MORALES:**  No, your Honor.

17         **THE COURT:**  Mr. Jimenez?

18         **DEFENDANT JIMENEZ:**  No, your Honor.

19         **THE COURT:**  Mr. Rodriguez?

20         **DEFENDANT RODRIGUEZ:**  No, your Honor.

21         **THE COURT:**  Mr. Perez?

22         **DEFENDANT PEREZ:**  No, your Honor.

23         **THE COURT:**  Mr. Padilla?

24         **DEFENDANT PADILLA:**  No, your Honor.

25         **THE COURT:**  Mr. Fernandez?

1          **DEFENDANT FERNANDEZ:**  No, your Honor.

2          **THE COURT:**  Ms. Deplanty?

3       (**No audible response**)

4          **THE COURT:**  Mr. Hernandez?

5          **DEFENDANT HERNANDEZ-VASQUEZ:**  No, sir.

6          **THE COURT:**  And Mr. Pina?

7          **DEFENDANT PINA:**  No, your Honor.

8          **THE COURT:**  And are each of you satisfied with the

9    advice and the representation that your lawyer has given to you

10   in this case?

11         Ms. Tovar?

12         **DEFENDANT TOVAR:**  Yes, your Honor.

13         **THE COURT:**  Mr. Trevino?

14         **DEFENDANT TREVINO:**  Yes, your Honor.

15         **THE COURT:**  Mr. Morales?

16         **DEFENDANT MORALES:**  Yes, your Honor.

17         **THE COURT:**  Mr. Jimenez?

18         **DEFENDANT JIMENEZ:**  Yes, your Honor.

19         **THE COURT:**  Mr. Rodriguez?

20         **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

21         **THE COURT:**  Mr. Perez?

22         **DEFENDANT PEREZ:**  Yes, your Honor.

23         **THE COURT:**  Mr. Padilla?

24         **DEFENDANT PADILLA:**  Yes, your Honor.

25         **THE COURT:**  Mr. Fernandez?

26

1          **DEFENDANT FERNANDEZ:**  Yes, sir.

2          **THE COURT:**  Ms. Deplanty?

3          **DEFENDANT DEPLANTY:**  Yes, sir.

4          **THE COURT:**  Mr. Hernandez?

5          **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

6          **THE COURT:**  And Mr. Pina?

7          **DEFENDANT PINA:**  Yes, your Honor.

8          **THE COURT:**  Okay.  The Court finds that each of these

9   Defendants has taken full advantage of his or her right to the

10  assistance of counsel.

11         Okay.  Beginning with you, Ms. Tovar, at this time

12  the United States Attorney is going to read the charge or one

13  of the charges pending against you.  When she's finished

14  reading this charge against you, you're going to be asked

15  whether you plead guilty or not guilty to it, so please listen

16  carefully.

17         **MS. FERKO:**  "United States District Court Southern

18              District of Texas, McAllen Division, *United States of*

19              *America versus Yolanda Tovar also known as Yolanda*

20              *Rios*.

21              "Indictment.  The grand jury charges.  Count One:  On

22              or about January 21st, or excuse me, on or about

23              January 2001 to on or about January 2004 in the

24              Southern District of Texas within the jurisdiction of

25              the Court, Defendant, Yolanda Tovar, also known as

1    Yolanda Rios, did knowingly and intentionally

2    conspire with other persons known and unknown to the

3    grand jurors to knowingly and intentionally possess

4    with the intent to distribute a controlled substance.

5    "The controlled substance involved was more than

6    1,000 kilograms of marijuana, a Schedule I controlled

7    substance, and more than five kilograms of cocaine, a

8    Schedule II controlled substance, in violation of

9    Title 21, United States Code, Sections 846, 841(a)(1)

10   and 841(b)(1)(A)."

11   Ms. Tovar, how do you plead in Count One of the

12 indictment, guilty or not guilty?

13   **DEFENDANT TOVAR:**  Guilty.

14   **THE COURT:**  Okay.  Mr. Trevino, if you would now

15 please listen carefully.  The Government's going to read one of

16 the charges pending against you.

17   **MR. ALANIZ:**  "United States District Court, Southern

18   District of Texas, McAllen Division, *United States of*

19   *America versus Jaime Lee Trevino*, Criminal Number M-

20   08-1241-S5.

21   "Superseding Indictment.  Count Thirteen:  On or

22   about July -- June 5th, 2007, in the Southern

23   District of Texas and within the jurisdiction of the

24   Court, Defendants, Margarito Chavez (phonetic), also

25   known as Margo Julian Trevino (phonetic) and Jaime

1          Lee Trevino, knowing and in reckless disregard of the

2          fact that an alien, that is Lynn (phonetic), had come

3          to enter and remain in the United States in violation

4          of law; did knowingly transport and move, attempt to

5          transfer, attempt to move said alien within the

6          United States; that is, the location near Hidalgo

7          County, Texas, to another location in Falfurrias,

8          Texas, and elsewhere by means of transportation and

9          otherwise; to wit, by means of a motor vehicle and

10          guiding the alien on foot in furtherance of such

11          violation of law for the purpose of commercial

12          advantage and private financial gain in violation of

13          Title 8, United States Code, Sections

14          1324(a)(1)(A)(2), 1324(a)(1)(A)(5)(2) and

15          1324(a)(1)(B)(1)."

16          As to Count Thirteen of this indictment, Mr. Jaime

17   Lee Trevino, sir, how do you plead, guilty or not guilty?

18          **DEFENDANT TREVINO:**  Guilty.

19          **THE COURT:**  Okay.  Mr. Morales, if you'd now please

20   listen carefully.  The Government's going to read one of the

21   charges against you.

22          **MS. FERKO:**  "United States District Court, Southern

23          District of Texas, McAllen Division, *United States of*

24          *America versus Jose Joaquin Morales*, Criminal Number

25          M-08-1242.  Indictment.

1          "The Grand Jury charges.  Count Two:  On or about

2          August 14th, 2008, in the Southern District of Texas

3          and within the jurisdiction of the Court, Defendant,

4          Jose Joaquin Morales, did knowingly and intentionally

5          possess with the intent to distribute a controlled a

6          substance.  The controlled substance involved was

7          more than five kilograms of --

8          -- excuse me.

9          "The substance involved is five kilograms or more;

10         that is approximately six kilograms of cocaine, a

11         Schedule II controlled substance, in violation of

12         Title 21, United States Code, Section 841(a)(1) and

13         841(b)(1)(A) and Title 18, United States Code,

14         Section 2.

15         Mr. Morales, how do you plead to Count Two of the

16    indictment, guilty or not guilty?

17         **DEFENDANT MORALES:**  Guilty.

18         **THE COURT:**  Okay.  Mr. Jimenez, if you would now

19    please listen carefully.  The Government's going to read one of

20    the charges against you.

21         **MS. ALLEN-MCCOY:**  "United States District Court

22         Southern District of Texas, McAllen Division, *United*

23         *States of America versus Hector Manuel Jimenez*,

24         Criminal Number M-08-1695.  Indictment.

25         "The Grand Jury charges.  Count One:  On or about

1 November 24th, 2008, in the Southern District of

2 Texas, and within the jurisdiction of the Court,

3 Defendant, Hector Manuel Jimenez, did knowingly and

4 intentionally import into the United States of

5 America from the United Mexican States a controlled

6 substance.

7 "The controlled substance involved was more than 50

8 grams; that is, approximately 3.20 kilograms of

9 methamphetamine, a Schedule II controlled substance

10 in violation of Title 21, United States Code,

11 Sections 952(a), 960(a)(1) and 960(b)(1)(H) and Title

12 18, United States Code, Section 2."

13 Mr. Jimenez, as to Count One of the Indictment, sir,

14 how do you plead, guilty or not guilty?

15 **DEFENDANT JIMENEZ:**  Guilty.

16 **THE COURT:**  Okay, Mr. Rodriguez.  If you'd now please

17 listen carefully.  The Government's going to read one of the

18 charges against you.

19 **MR. WELLS:**  "United States District Court, Southern

20 District of Texas, McAllen Division, *United States of*

21 *America versus Jose Alfredo Rodriguez, also known as*

22 *Gordo Maciso*, in Criminal Number M-08-1751.

23 "Indictment.

24 "The Grand Jury charges.  Proceeding to Count two:

25 On or about September 8th, 2008, in the Southern

1      District of Texas and within the jurisdiction of the

2      Court, Defendant, Jose Alfredo Rodriguez, also known

3      as Gordo Maciso, did willfully and unlawfully kidnap,

4      abduct, seize, confine, inveigle, deploy and carry

5      away Sergio Cepeda (phonetic) and transport Sergio

6      Cepeda in interstate and foreign commerce; that is,

7      from the United States of America to the United

8      Mexican States and hold him for ransom, reward and

9      for otherwise some -- for purpose or benefit; namely,

10     the payment of ransom in the amount of $40,000 and

11     two vehicles in violation of Title 18, United States

12     Code, Sections 1201(a)(1) and Section 2."

13     Mr. Rodriguez, to Count two of this Indictment, sir,

14  how do you plead, guilty or not guilty?

15     **DEFENDANT RODRIGUEZ:**  Guilty.

16     **THE COURT:**  Okay.  Mr. Perez, at this time, the

17  United States Attorney will read one of the charges against you

18  so please listen carefully.

19     **MR. ALANIZ:**  "United States District Court, Southern

20     District of Texas, McAllen Division, *United States of*

21     *America versus Jesus Maria Perez*, Criminal Number M-

22     09-007.  Indictment.

23     "The Grand Jury charges.  Count Two:  On or about

24     December 27, 2008, in the Southern District of Texas

25     and within the jurisdiction of the Court, Defendant,

1              Jesus Maria Perez, did knowingly and intentionally

2              possess with intent to distribute a controlled

3              substance.  The controlled substance involved was

4              more than 50 kilograms but less than 100 kilograms;

5              that is, approximately 58 kilograms of marijuana, a

6              Schedule I controlled substance, in violation of

7              Title 21, United States Code, Sections 841(a)(1),

8              841(b)(1)(C) and Title 18, United States Code,

9              Section 2."

10        As to Count Two of this Indictment, Mr. Perez, sir,

11  how do you plead, guilty or not guilty?

12        **DEFENDANT PEREZ:**  Guilty.

13        **THE COURT:**  The next two pleading to the same count,

14  Ms. Ferko?

15        **MS. FERKO:**  Yes, your Honor, both Count One.

16        **THE COURT:**  Okay.  Misters Padilla and Fernandez, if

17  the two of you will please listen.  The Government -- she's

18  going to read Count One, the charges pending against the two of

19  you.  When she's finished, you'll be asked whether you plead

20  guilty or not guilty.

21        **MS. FERKO:**  "United States District Court, Southern

22              District of Texas, McAllen Division, *United States of*

23              *America versus Ramon Padilla, Junior; Sergio Luis*

24              *Fernandez*, Criminal Number M-09-120.

25              "Indictment.  The Grand Jury charges.  Count One:

1          From on or about January 12, 2009, to on or about

2          January 14, 2009, Southern District of Texas and

3          within the jurisdiction of the Court, Defendants,

4          Ramon Padilla, Junior, and Sergio Luis Fernandez, did

5          knowingly and intentionally conspire and agree

6          together and with other person or persons known and

7          unknown to the grand jurors to knowingly and

8          intentionally possess with the intent to distribute a

9          controlled substance.

10         "The controlled substance involved was more than 100

11         kilograms but less than 1,000 kilograms of marijuana,

12         a Schedule I controlled substance, in violation of

13         Title 21, United States Code, Sections 846, 841(a)(1)

14         and 841(b)(1)(B)."

15         Mr. Padilla, Junior, how do you plead to Count One of

16    the Indictment, guilty or not guilty?

17         **DEFENDANT PADILLA:**  Guilty.

18         **MS. FERKO:**  Mr. Sergio Luis Fernandez, how do you

19    plead to Count One of the Indictment, guilty or not guilty?

20         **DEFENDANT FERNANDEZ:**  Guilty.

21         **THE COURT:**  Okay.  Ms. Deplanty, at this time the

22    United States Attorney will read one of the charges against

23    you, so please listen carefully.

24         **MS. RIGNEY:**  "United States District Court, Southern

25         District of Texas, McAllen Division, *United States of*

1       *America versus Anita Christine Deplanty*, Criminal

2       Number M-09-262, Indictment.

3       "The Grand Jury charges.  Count Two:  On or about

4       February 20th, 2009, in the Southern District of

5       Texas and within the jurisdiction of the Court,

6       Defendant, Anita Christine Deplanty, did knowingly

7       and intentionally import into the United States of

8       America from the United Mexican States a controlled

9       substance.

10       "The controlled substance involved was more than 500

11       -- was 500 grams or more; that is, approximately 3.8

12       kilograms of cocaine, a Schedule II controlled

13       substance, in violation of Title 21, United States

14       Code, Sections 952(a), 960(b)(2)(B), and Title 18,

15       United States Code, Section 2."

16       Ms. Deplanty, how do you plead to Count Two of the

17 Indictment, ma'am, guilty or not guilty?

18              **DEFENDANT DEPLANTY:**  Guilty.

19              **THE COURT:**  Okay.  Mr. Hernandez, at this time, the

20 United States Attorney is going to read that Criminal

21 Information pending against you, so please listen carefully.

22              **MS. FERKO:**  "United States District Court, Southern

23       District of Texas, McAllen Division, *United States of*

24       *America versus Jose Oriol Hernandez-Vasquez,* Criminal

25       Number M-09-548.

1          "Criminal information.  The United States Attorney

2          charges on or about April 18, 2009, Southern District

3          of Texas and within the jurisdiction of the Court,

4          Defendant, Jose Oriol Hernandez-Vasquez, knowingly

5          and with reckless disregard of the fact, that Jose

6          Soto-Lopez was an alien who had come to, entered and

7          remained in the United States in violation of law for

8          the purpose of commercial advantage and private

9          financial gain, knowingly transport, move, attempt to

10         transport and attempt to move said alien in

11         furtherance of such violation of law within the

12         United States; that is, from a location near Los

13         Ebanos, Texas, to another location near Sullivan

14         City, Texas, by means of a motor vehicle, in

15         violation of Title 8, United States Code, Sections

16         1324(a)(1)(A)(5)(i), 1324(a)(1)(A)(2) and

17         1324(a)(1)(B)(i)."

18         Mr. Hernandez-Vasquez, how do you plead to Criminal

19    Information, guilty or not guilty?

20         **DEFENDANT HERNANDEZ-VASQUEZ:**  Guilty.

21         **THE COURT:**  Okay.  And Mr. Pina, at this time the

22    United States Attorney is going to read this information

23    against you, so please listen carefully.

24         **MS. RIGNEY:**  "United States District Court, Southern

25         District of Texas, McAllen Division, *United States of*

1          *America versus Roberto Jason Pina,* Criminal Number M-

2          09-547.

3          "Criminal information.  The United States Attorney

4          charges on or about April 21st, 2009, in the Southern

5          District of Texas and within the jurisdiction of the

6          Court, Defendant, Roberto Jason Pina, knowing and in

7          reckless disregard of the fact that Miguel Angel

8          Aguilar-Diaz De Leon was an alien who had come to,

9          entered and remained in the United States in

10         violation of law, did knowingly transport, move,

11         attempt to transport and attempt to move said alien

12         in furtherance of such violation of the law within

13         United States; that is, from a location near Roma,

14         Texas, to a location near Roma, Texas, by means of a

15         motor vehicle for the purpose of commercial advantage

16         and private financial gain, in violation of Title 8,

17         United States Code, Sections 1324(a)(1)(A)(2),

18         1324(a)(1)(A)(5)(2) and 1324(a)(1)(B)(1)."

19         Mr. Pina, how do you plead to the Information, sir,

20    guilty or not guilty?

21         **DEFENDANT PINA:**  Guilty.

22         **THE COURT:**  Under the Constitution and laws of this

23    country, each of you has a right to plead not guilty.  If you

24    pled not guilty, then you'd have the right to a trial before

25    either a jury or a judge on these charges that are pending

37

1    against you.  Do you each of you understand this?

2              Ms. Tovar?

3              **DEFENDANT TOVAR:**  Yes, your Honor.

4              **THE COURT:**  Mr. Trevino?

5              **DEFENDANT TOVAR:**  Yes, your Honor.

6              **THE COURT:**  Mr. Morales?

7              **DEFENDANT MORALES:**  Yes, sir.

8              **THE COURT:**  Mr. Jimenez?

9              **DEFENDANT JIMENEZ:**  Yes, your Honor.

10             **THE COURT:**  Mr. Rodriguez?

11             **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

12             **THE COURT:**  Mr. Perez?

13             **DEFENDANT PEREZ:**  Yes, your Honor.

14             **THE COURT:**  Mr. Padilla?

15             **DEFENDANT PADILLA:**  Yes, your Honor.

16             **THE COURT:**  Mr. Fernandez?

17             **DEFENDANT FERNANDEZ:**  Yes, sir.

18             **THE COURT:**  Ms. Deplanty?

19             **MS. DEPLANTY:**  Yes, sir.

20             **THE COURT:**  Mr. Hernandez?

21             **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

22             **THE COURT:**  Mr. Pina?

23             **DEFENDANT PINA:**  Yes, your Honor.

24             **THE COURT:**  At a trial, you would have the right to

25    the assistance of an attorney, whether you can afford one or

1    not.  If you could not afford an attorney, one would be

2    appointed to represent you at all stages of these proceedings

3    against you at no cost to you.

4              Do you understand this, Ms. Tovar?

5              **DEFENDANT TOVAR:**  Yes, your Honor.

6              **THE COURT:**  Mr. Trevino?

7              **DEFENDANT TOVAR:**  Yes, your Honor.

8              **THE COURT:**  Mr. Morales?

9              **DEFENDANT MORALES:**  Yes, your Honor.

10             **THE COURT:**  Mr. Jimenez?

11             **DEFENDANT JIMENEZ:**  Yes, your Honor.

12             **THE COURT:**  Mr. Rodriguez?

13             **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

14             **THE COURT:**  Mr. Perez?

15             **DEFENDANT PEREZ:**  Yes, your Honor.

16             **THE COURT:**  Mr. Padilla?

17             **DEFENDANT PADILLA:**  Yes, your Honor.

18             **THE COURT:**  Mr. Fernandez?

19             **DEFENDANT FERNANDEZ:**  Yes, sir.

20             **THE COURT:**  Ms. Deplanty?

21             **DEFENDANT DEPLANTY:**  Yes, sir.

22             **THE COURT:**  Mr. Hernandez?

23             **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

24             **THE COURT:**  Mr. Pina?

25             **DEFENDANT PINA:**  Yes, your Honor.

1            **THE COURT:**  If you wanted to plead not guilty, in

2    order to find you guilty, the Government would have to prove at

3    a trial by competent evidence and beyond a reasonable doubt

4    these charges that are pending against you.

5            Do you understand this?  Ms. Tovar?

6            **DEFENDANT TOVAR:**  Yes, your Honor.

7            **THE COURT:**  Mr. Trevino?

8            **DEFENDANT TOVAR:**  Yes, your Honor.

9            **THE COURT:**  Mr. Morales?

10           **DEFENDANT MORALES:**  Yes, your Honor.

11           **THE COURT:**  Mr. Jimenez?

12           **DEFENDANT JIMENEZ:**  Yes, sir.

13           **THE COURT:**  Mr. Rodriguez?

14           **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

15           **THE COURT:**  Mr. Perez?

16           **DEFENDANT PEREZ:**  Yes, your Honor.

17           **THE COURT:**  Mr. Padilla?

18           **DEFENDANT PADILLA:**  Yes, your Honor.

19           **THE COURT:**  Mr. Fernandez?

20           **DEFENDANT FERNANDEZ:**  Yes, sir.

21           **THE COURT:**  Ms. Deplanty?

22           **DEFENDANT DEPLANTY:**  Yes, sir.

23           **THE COURT:**  Mr. Hernandez?

24           **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes.

25           **THE COURT:**  Mr. Pina?

40

1        **DEFENDANT PINA:**  Yes, your Honor.

2        **THE COURT:**  At a trial, you would be presumed to be

3   innocent; and it would not be up to you to have to prove your

4   innocence.

5        Do each of you understand this?  Ms. Tovar?

6        **DEFENDANT TOVAR:**  Yes, your Honor.

7        **THE COURT:**  Mr. Trevino?

8        **DEFENDANT TOVAR:**  Yes, your Honor.

9        **THE COURT:**  Mr. Morales?

10       **DEFENDANT MORALES:**  Yes, your Honor.

11       **THE COURT:**  Mr. Jimenez?

12       **DEFENDANT JIMENEZ:**  Yes, your Honor.

13       **THE COURT:**  Mr. Rodriguez?

14       **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

15       **THE COURT:**  Mr. Perez?

16       **DEFENDANT PEREZ:**  Yes, your Honor.

17       **THE COURT:**  Mr. Padilla?

18       **DEFENDANT PADILLA:**  Yes, your Honor.

19       **THE COURT:**  Mr. Fernandez?

20       **DEFENDANT FERNANDEZ:**  Yes, sir.

21       **THE COURT:**  Ms. Deplanty?

22       **DEFENDANT DECLANTY:**  Yes, sir.

23       **THE COURT:**  Mr. Hernandez?

24       **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

25       **THE COURT:**  And Mr. Pina?

41

1        **DEFENDANT PINA:**  Yes, your Honor.

2        **THE COURT:**  In the course of a trial, the witnesses

3   for the Government would have to come into the courtroom and

4   testify in your presence and the presence of your attorney.

5   Your attorney could confront the witnesses against you, object

6   to any evidence offered by the Government; and then you would

7   have the right to present any evidence in defense of these

8   charges that you might want to present.

9        Do each of you understand this?  Mr. Tovar?

10       **DEFENDANT TOVAR:**  Yes, your Honor.

11       **THE COURT:**  Mr. Trevino?

12       **DEFENDANT TOVAR:**  Yes, your Honor.

13       **THE COURT:**  Mr. Morales?

14       **DEFENDANT MORALES:**  Yes, your Honor.

15       **THE COURT:**  Mr. Jimenez?

16       **DEFENDANT JIMENEZ:**  Yes, your Honor.

17       **THE COURT:**  Mr. Rodriguez?

18       **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

19       **THE COURT:**  Mr. Perez?

20       **DEFENDANT PEREZ:**  Yes, your Honor.

21       **THE COURT:**  Mr. Padilla?

22       **DEFENDANT PADILLA:**  Yes, your Honor.

23       **THE COURT:**  Mr. Fernandez?

24       **DEFENDANT FERNANDEZ:**  Yes, sir.

25       **THE COURT:**  Ms. Deplanty?

1        **(No audible response)**

2              **THE COURT:**  Mr. Hernandez?

3              **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

4              **THE COURT:**  And Mr. Pina?

5              **DEFENDANT PINA:**  Yes, your Honor.

6              **THE COURT:**  At a trial, you would have the right to

7    take the witness stand and to testify in your own defense if

8    you desired but you could not be forced to testify; and no one

9    could hold it against you if you chose not to testify at a

10   trial.

11             Do each of you understand this?  Ms. Tovar?

12             **DEFENDANT TOVAR:**  Yes, your Honor.

13             **THE COURT:**  Mr. Trevino?

14             **DEFENDANT TOVAR:**  Yes, your Honor.

15             **THE COURT:**  Mr. Morales?

16             **DEFENDANT MORALES:**  Yes, your Honor.

17             **THE COURT:**  Mr. Jimenez?

18             **DEFENDANT JIMENEZ:**  Yes, your Honor.

19             **THE COURT:**  Mr. Rodriguez?

20             **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

21             **THE COURT:**  Mr. Perez?

22             **DEFENDANT PEREZ:**  Yes, your Honor.

23             **THE COURT:**  Mr. Padilla?

24             **DEFENDANT PADILLA:**  Yes, your Honor.

25             **THE COURT:**  Mr. Fernandez?

43

1        **DEFENDANT FERNANDEZ:**  Yes, sir.

2        **THE COURT:**  Ms. Deplanty?

3        **DEFENDANT DEPLANTY:**  Yes, sir.

4        **THE COURT:**  Mr. Hernandez?

5        **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

6        **THE COURT:**  And Mr. Pina?

7        **DEFENDANT PINA:**  Yes, your Honor.

8        **THE COURT:**  By pleading guilty, though, you give up

9   this right against testifying because in order for me to be

10  satisfied that you're actually guilty of this crime, I'm going

11  to have to ask you some questions about it and you cannot

12  refuse to answer these questions.

13        Do each of you understand this?  Ms. Tovar?

14        **DEFENDANT TOVAR:**  Yes, your Honor.

15        **THE COURT:**  Mr. Trevino?

16        **DEFENDANT TREVINO:**  Yes, your Honor.

17        **THE COURT:**  Mr. Morales?

18        **DEFENDANT MORALES:**  Yes, your Honor.

19        **THE COURT:**  Mr. Jimenez?

20        **DEFENDANT JIMENEZ:**  Yes, your Honor.

21        **THE COURT:**  Mr. Rodriguez?

22        **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

23        **THE COURT:**  Mr. Perez?

24        **DEFENDANT PEREZ:**  Yes, your Honor.

25        **THE COURT:**  Mr. Padilla?

44

1          **DEFENDANT PADILLA:**  Yes, your Honor.

2          **THE COURT:**  Mr. Fernandez?

3          **DEFENDANT FERNANDEZ:**  Yes, sir.

4          **THE COURT:**  Ms. Deplanty?

5          **DEFENDANT DEPLANTY:**  Yes, sir.

6          **THE COURT:**  Mr. Hernandez?

7          **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

8          **THE COURT:**  And Mr. Pina?

9          **DEFENDANT PINA:**  Yes, your Honor.

10          **THE COURT:**  Also by pleading guilty, if I accept your

11   guilty plea, you will be giving up all of these rights that

12   I've just mentioned and discussed with you and there will be no

13   trial in your case.  I will simply enter a judgment of guilty,

14   and I will sentence you on the basis of your pleas of guilty

15   here this morning.

16          Do each of you understand this; there will be no

17   trial in your case?  Ms. Tovar?

18          **DEFENDANT TOVAR:**  Yes, your Honor.

19          **THE COURT:**  Mr. Trevino?

20          **DEFENDANT TREVINO:**  Yes, your Honor.

21          **THE COURT:**  Mr. Morales?

22          **DEFENDANT MORALES:**  Yes, your Honor.

23          **THE COURT:**  Mr. Jimenez?

24          **DEFENDANT JIMENEZ:**  Yes, your Honor.

25          **THE COURT:**  Mr. Rodriguez?

1        **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

2        **THE COURT:**  Mr. Perez?

3        **DEFENDANT PEREZ:**  Yes, your Honor.

4        **THE COURT:**  Mr. Padilla?

5        **DEFENDANT PADILLA:**  Yes, your Honor.

6        **THE COURT:**  Mr. Fernandez?

7        **DEFENDANT FERNANDEZ:**  Yes, sir.

8        **THE COURT:**  Ms. Deplanty?

9     **(No audible response)**

10        **THE COURT:**  Mr. Hernandez?

11        **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

12        **THE COURT:**  And Mr. Pina?

13        **DEFENDANT PINA:**  Yes, your Honor.

14        **THE COURT:**  Okay.  In your case, Ms. Tovar, do you

15   understand that I can send you to prison for up to life with a

16   minimum sentence of at least 10 years.  And in addition, I

17   could fine you up to $5 million -- I'm sorry, $4 million.

18        **DEFENDANT TOVAR:**  Yes, sir.

19        **THE COURT:**  Do you understand this?  Okay.  In your

20   case, Mr. Trevino, do you understand that I can send you to

21   prison for up to 10 years and fine you up to $250,000?

22        **DEFENDANT TREVINO:**  Yes, your Honor.

23        **THE COURT:**  Mr. Morales, in your case, do you

24   understand I can send you to prison for up to life with a

25   minimum sentence of at least 10 years.  And in addition, I can

1    fine you up to $4 million.

2             **DEFENDANT MORALES:**  Yes, your Honor.

3             **THE COURT:**  Mr. Jimenez, in your case, do you

4    understand that I could also send you to prison for up to life

5    with a minimum sentence of at least 10 years.  And in addition,

6    I could fine you up to $4 million?

7             **DEFENDANT JIMENEZ:**  Yes, your Honor.

8             **THE COURT:**  Mr. Rodriguez, in your case, do you

9    understand that I can send you to prison for up to life and

10   fine you up to $250,000?

11            **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

12            **THE COURT:**  Mr. Perez, in your case, do you

13   understand that I could send you to prison for up to 20 years

14   and fine you up to $1 million?

15            **DEFENDANT PEREZ:**  Yes, your Honor.

16            **THE COURT:**  Misters Padilla and Fernandez, do each of

17   you understand that I can you to prison for up to 40 years with

18   a minimum sentence of at least five years.  And in addition, I

19   could fine you up to $2 million?

20            Do you understand this, Mr. Padilla?

21            **DEFENDANT PADILLA:**  Yes, your Honor.

22            **THE COURT:**  Mr. Fernandez?

23            **DEFENDANT FERNANDEZ:**  Yes, your Honor.

24            **THE COURT:**  Ms. Deplanty, in your case, do you

25   understand that I could send you to prison for up to 40 years

1   with a minimum sentence of at least five years.  And in

2   addition, I could fine you up to $2 million?

3            **DEFENDANT DEPLANTY:** Yes, sir.

4            **THE COURT:**  In your case, Mr. Hernandez, do you

5   understand I could send you to prison for up to 10 years and

6   fine you up to $250,000?

7            **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

8            **THE COURT:**  And Mr. Pina, in your case, as well, do

9   you understand that I could send you to prison for up to 10

10  years and fine you up to $250,000?

11           **DEFENDANT PINA:**  Yes, your Honor.

12           **THE COURT:**  In all of your cases, in addition to the

13  imprisonment and fine I just explained, I'm also required to

14  impose upon you a supervised release term.  And that's a period

15  of supervision that starts as soon as you get out of prison so

16  it's in addition to any imprisonment.

17           In your case, Ms. Tovar, you could be supervised for

18  life.  Do you understand this?

19           **DEFENDANT TOVAR:** Yes, your Honor.

20           **THE COURT:**  Mr. Trevino, in your case, you could be

21  supervised for up to three years.  Do you understand this?

22           **DEFENDANT TREVINO:**  Yes, your Honor.

23           **THE COURT:**  Mr. Morales, as well, you could be

24  supervised for up to life.  Do you understand this?

25           **DEFENDANT MORALES:**  Yes, your Honor.

1          **THE COURT:**  Mr. Jimenez, same thing, you could be

2    supervised for up to life.  Do you understand this?

3          **DEFENDANT JIMENEZ:**  Yes, your Honor.

4          **THE COURT:**  Mr. Rodriguez, in your case, you could be

5    supervised for up to five years.  Do you understand this?

6          **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

7          **THE COURT:**  Mr. Perez, in your case, you could be

8    supervised for up to three years.  Do you understand this?

9          **DEFENDANT PEREZ:**  Yes, your Honor.

10          **THE COURT:**  In your case -- your case, Mr. Padilla,

11    you can be supervised for up to four years.  Do you understand

12    this?

13          **DEFENDANT PADILLA:**  Yes, your Honor.

14          **THE COURT:**  Mr. Fernandez, in your case, as well, you

15    could be supervised for up to four years.  Do you understand

16    this?

17          **DEFENDANT FERNANDEZ:**  Yes, sir.

18          **THE COURT:**  And Ms. Deplanty, in your case, as well,

19    you could be supervised for up to four years.

20          Do you understand this?

21          **DEFENDANT DEPLANTY:**  Yes, sir.

22          **THE COURT:**  And Mr. Hernandez, you can be supervised

23    for up to three years.  Do you understand this?

24          **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

25          **THE COURT:**  And Mr. Pina, you could also be

49

1    supervised for up to three years.  Do you understand this?

2              **DEFENDANT PINA:**  Yes, your Honor.

3              **THE COURT:**  I'm also required to impose upon each of

4    you a $100 special assessment.

5              Do you understand this, Ms. Trevino -- Ms. Tovar,

6    excuse me?

7              **DEFENDANT TOVAR:**  Yes, your Honor.

8              **THE COURT:**  Mr. Trevino, do you understand this?

9              **DEFENDANT TREVINO:**  Yes, your Honor.

10             **THE COURT:**  Mr. Morales?

11             **DEFENDANT MORALES:**  Yes, sir.

12             **THE COURT:**  Mr. Jimenez?

13             **DEFENDANT JIMENEZ:**  Yes, your Honor.

14             **THE COURT:**  Mr. Rodriguez?

15             **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

16             **THE COURT:**  Mr. Perez?

17             **DEFENDANT PEREZ:**  Yes, your Honor.

18             **THE COURT:**  Mr. Padilla?

19             **DEFENDANT PADILLA:**  Yes, your Honor.

20             **THE COURT:**  Mr. Fernandez?

21             **DEFENDANT FERNANDEZ:**  Yes, sir.

22             **THE COURT:**  Ms. Deplanty?

23             **DEFENDANT DEPLANTY:**  Yes, sir.

24             **THE COURT:**  Mr. Hernandez?

25             **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

1          **THE COURT:**  And Mr. Pina?

2          **DEFENDANT PINA:**  Yes, your Honor.

3          **THE COURT:**  Okay.  Have each of you spoken with your

4   attorney about the Sentencing Commission Guidelines and how

5   these advisory guideline ranges might apply in your case?

6          Mr. -- Ms. Tovar, have you discussed this with your

7   lawyer?

8          **DEFENDANT TOVAR:**  Yes, your Honor.

9          **THE COURT:**  Mr. Trevino?

10          **DEFENDANT TREVINO:**  Yes, your Honor.

11          **THE COURT:**  Mr. Morales?

12          **DEFENDANT MORALES:**  Yes, sir.

13          **THE COURT:**  Mr. Jimenez?

14          **DEFENDANT JIMENEZ:**  Yes, your Honor.

15          **THE COURT:**  Mr. Rodriguez?

16          **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

17          **THE COURT:**  Mr. Perez?

18          **DEFENDANT PEREZ:**  Yes, your Honor.

19          **THE COURT:**  Mr. Padilla?

20          **DEFENDANT PADILLA:**  Yes, your Honor.

21          **THE COURT:**  Mr. Fernandez?

22          **DEFENDANT FERNANDEZ:**  Yes, your Honor.

23          **THE COURT:**  Ms. Deplanty?

24          **DEFENDANT DEPLANTY:**  Yes, sir.

25          **THE COURT:**  Mr. Hernandez?

51

1              **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

2              **THE COURT:**  And Mr. Pina?

3              **DEFENDANT PINA:**  Yes, your Honor.

4              **THE COURT:**  Okay.  I will not be able to determine

5    exactly which of these advisory guideline ranges applies in

6    your case until after the Probation Office has prepared a

7    presentence report about you.  And you and your lawyer will

8    have the opportunity to review and object to that presentence

9    report.

10             Do each of you understand this?  Ms. Tovar?

11             **DEFENDANT TOVAR:**  Yes, your Honor.

12             **THE COURT:**  Mr. Trevino?

13             **DEFENDANT TREVINO:**  Yes, your Honor.

14             **THE COURT:**  Mr. Morales?

15             **DEFENDANT MORALES:**  Yes, sir.

16             **THE COURT:**  Mr. Jimenez?

17             **DEFENDANT JIMENEZ:**  Yes, your Honor.

18             **THE COURT:**  Mr. Rodriguez?

19             **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

20             **THE COURT:**  Mr. Perez?

21             **DEFENDANT PEREZ:**  Yes, your Honor.

22             **THE COURT:**  Mr. Padilla?

23             **DEFENDANT PADILLA:**  Yes, your Honor.

24             **THE COURT:**  Mr. Fernandez?

25             **DEFENDANT FERNANDEZ:**  Yes, your Honor.

1          **THE COURT:**  Ms. Deplanty?

2          **DEFENDANT DEPLANTY:**  Yes, sir.

3          **THE COURT:**  Mr. Hernandez?

4          **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

5          **THE COURT:**  And Mr. Pina?

6          **DEFENDANT PINA:**  Yes, your Honor.

7          **THE COURT:**  Once the Probation Office has determined

8    this sentencing range in your case, I may nevertheless vary or

9    depart from these advisory ranges.  And I could sentence you to

10   the maximum punishment that you face in this case, and you

11   would not be able to take back your guilty plea.

12          Do each of you understand this?  Ms. Tovar?

13         **DEFENDANT TOVAR:**  Yes, your Honor.

14         **THE COURT:**  Ms. Trevino?  Mr. Trevino?

15         **DEFENDANT TREVINO:**  Yes, your Honor.

16         **THE COURT:**  Mr. Morales?

17         **DEFENDANT MORALES:**  Yes, sir.

18         **THE COURT:**  Mr. Jimenez?

19         **DEFENDANT JIMENEZ:**  Yes, your Honor.

20         **THE COURT:**  Mr. Rodriguez?

21         **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

22         **THE COURT:**  Mr. Perez?

23         **DEFENDANT PEREZ:**  Yes, your Honor.

24         **THE COURT:**  Mr. Padilla?

25         **DEFENDANT PADILLA:**  Yes, your Honor.

53

1          THE COURT:  Mr. Fernandez?

2          DEFENDANT FERNANDEZ:  Yes, your Honor.

3          THE COURT:  Ms. Deplanty?

4          DEFENDANT DEPLANTY:  Yes, sir.

5          THE COURT:  Mr. Hernandez?

6          DEFENDANT HERNANDEZ-VASQUEZ:  Yes, sir.

7          THE COURT:  And Mr. Pina?

8          DEFENDANT PINA:  Yes, your Honor.

9          THE COURT:  Has anybody promised you or guaranteed to

10  you the exact sentence I'm going to give you in your case?

11          Ms. Tovar?

12          DEFENDANT TOVAR:  No, your Honor.

13          THE COURT:  Mr. Trevino?

14          DEFENDANT TREVINO:  No, your Honor.

15          THE COURT:  Mr. Morales?

16          DEFENDANT MORALES:  No, Your Honor.

17          THE COURT:  Mr. Jimenez?

18          DEFENDANT JIMENEZ:  No, your Honor.

19          THE COURT:  Mr. Rodriguez?

20          DEFENDANT RODRIGUEZ:  No, your Honor.

21          THE COURT:  Mr. Perez?

22          DEFENDANT PEREZ:  No, your Honor.

23          THE COURT:  Mr. Padilla?

24          DEFENDANT PADILLA:  No, your Honor.

25          THE COURT:  Mr. Fernandez?

54

1          **DEFENDANT FERNANDEZ:**  No, your Honor.

2          **THE COURT:**  Ms. Deplanty?

3          **DEFENDANT DEPLANTY:**  No, sir.

4          **THE COURT:**  Mr. Hernandez?

5          **DEFENDANT HERNANDEZ-VASQUEZ:**  No, sir.

6          **THE COURT:**  And Mr. Pina?

7          **DEFENDANT PINA:**  No, your Honor.

8          **THE COURT:**  Has anyone attempted in any way to force

9   you to plead guilty here this morning, or threaten you or told

10  you that if you did not plead guilty, some further action or

11  charges would be brought against you?

12         Ms. Trevino?  Ms. Tovar?  Excuse me.

13         **DEFENDANT TOVAR:**  No, your Honor.

14         **THE COURT:**  Mr. Trevino?

15         **DEFENDANT TREVINO:**  No, your Honor.

16         **THE COURT:**  Mr. Morales?

17         **DEFENDANT MORALES:**  No, Your Honor.

18         **THE COURT:**  Mr. Jimenez?

19         **DEFENDANT JIMENEZ:**  No, your Honor.

20         **THE COURT:**  Mr. Rodriguez?

21         **DEFENDANT RODRIGUEZ:**  No, your Honor.

22         **THE COURT:**  Mr. Perez?

23         **DEFENDANT PEREZ:**  No, your Honor.

24         **THE COURT:**  Mr. Padilla?

25         **DEFENDANT PADILLA:**  No, your Honor.

1          **THE COURT:**  Mr. Fernandez?

2          **DEFENDANT FERNANDEZ:**  No, your Honor.

3          **THE COURT:**  Ms. Deplanty?

4          **DEFENDANT DEPLANTY:**  No, your Honor.

5          **THE COURT:**  Mr. Hernandez?

6          **DEFENDANT HERNANDEZ-VASQUEZ:**  No, sir.

7          **THE COURT:**  And Mr. Pina?

8          **DEFENDANT PINA:**  No, your Honor.

9          **THE COURT:**  This offense to which you have pled

10  guilty is a felony; and if I accept your guilty plea, you'll be

11  adjudged guilty of this felony offense and this will have

12  consequences to you.  It will deprive you of your right to ever

13  vote or serve on juries in this country.  It will deprive you

14  of your right to ever possess a firearm or ammunition.  And if

15  you are not a U.S. citizen, this will required that you be --

16  that your status here will be revoked and you will be deported

17  back to your home country.

18          Do each of you understand this?  Ms. Tovar?

19          **DEFENDANT TOVAR:**  Yes, your Honor.

20          **THE COURT:**  Mr. Trevino?

21          **DEFENDANT TREVINO:**  Yes, your Honor.

22          **THE COURT:**  Mr. Morales?

23          **DEFENDANT MORALES:**  Yes, sir.

24          **THE COURT:**  Mr. Jimenez?

25          **DEFENDANT JIMENEZ:**  Yes, your Honor.

1          **THE COURT:**  Mr. Rodriguez?

2          **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

3          **THE COURT:**  Mr. Perez?

4          **DEFENDANT PEREZ:**  Yes, your Honor.

5          **THE COURT:**  Mr. Padilla?

6          **DEFENDANT PADILLA:**  Yes, your Honor.

7          **THE COURT:**  Mr. Fernandez?

8          **DEFENDANT FERNANDEZ:**  Yes, sir.

9          **THE COURT:**  Ms. Deplanty?

10         **DEFENDANT DEPLANTY:**  Yes, sir.

11         **THE COURT:**  Mr. Hernandez?

12         **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

13         **THE COURT:**  And Mr. Pina?

14         **DEFENDANT PINA:**  Yes, your Honor.

15         **THE COURT:**  Okay.  Ms. Ferko, are there plea

16    agreements in all these cases?  If so, could you please

17    describe them.

18         **MS. FERKO:**  Yes, your Honor.  Your Honor, in the case

19    of Mr. Hernandez-Vasquez in M-09-548 and Mr. Jason Pina, M-09-

20    547, your Honor, in exchange for the Defendants' guilty plea to

21    the criminal information, the Government will recommend that

22    the offense level be decreased by two levels pursuant to United

23    States Sentencing Guidelines, Sections 3E1.1A if each Defendant

24    clearly demonstrates acceptance of responsibility; and that the

25    Defendants receive an additional two-points downward departure

1      for cooperation pursuant to 5K3.1 of the Sentencing Guidelines

2      for allowing the early release of the material witnesses.

3              Your Honor, for all other Defendants, the agreement

4      between the Government and each Defendant is that the

5      Defendants agreed to plead guilty to their respective count of

6      the indictment.  In exchange, the Government will recommend

7      that the offense level decrease by two levels pursuant to the

8      United States Sentencing Guidelines Sections 3E1.1A.  If each

9      Defendant clearly demonstrates acceptance of responsibility,

10     that the remaining counts or count of the indictment will be

11     dismissed at the time of sentencing.

12             **THE COURT:**  Okay.  Each of you has heard the

13     Government describe the plea agreement in your case.  Is this

14     your understanding of the agreement you've reached with the

15     Government in your case?

16             Ms. Tovar?

17             **DEFENDANT TOVAR:**  Yes, your Honor.

18             **THE COURT:**  Mr. Trevino?

19             **DEFENDANT TREVINO:**  Yes.

20             **THE COURT:**  Mr. Morales?

21             **DEFENDANT MORALES:**  Yes, your Honor.

22             **THE COURT:**  Mr. Jimenez?

23             **DEFENDANT JIMENEZ:**  Yes, your Honor.

24             **THE COURT:**  Mr. Rodriguez?

25             **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

1          **THE COURT:**  Mr. Perez?

2          **DEFENDANT PEREZ:**  Yes, your Honor.

3          **THE COURT:**  Mr. Padilla?

4          **DEFENDANT PADILLA:**  Yes, your Honor.

5          **THE COURT:**  Mr. Fernandez?

6          **DEFENDANT FERNANDEZ:**  Yes, sir.

7          **THE COURT:**  Ms. Deplanty?

8          **DEFENDANT DEPLANTY:**  Yes, sir.

9          **THE COURT:**  Mr. Hernandez?

10         **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

11         **THE COURT:**  And Mr. Pina?

12         **DEFENDANT PINA:**  Yes, your Honor.

13         **THE COURT:**  And did each of you have an opportunity

14   to review and discuss this plea agreement with your attorney

15   and have it explained to you in Spanish, if necessary, before

16   you signed it?

17         Ms. Tovar?

18         **DEFENDANT TOVAR:**  Yes, your Honor.

19         **THE COURT:**  Mr. Trevino?

20         **DEFENDANT TREVINO:**  Yes, sir.

21         **THE COURT:**  Mr. Morales?

22         **DEFENDANT MORALES:**  Yes, your Honor.

23         **THE COURT:**  Mr. Jimenez?

24         **DEFENDANT JIMENEZ:**  Yes, your Honor.

25         **THE COURT:**  Mr. Rodriguez?

1      **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

2      **THE COURT:**  Mr. Perez?

3      **DEFENDANT PEREZ:**  Yes, your Honor.

4      **THE COURT:**  Mr. Padilla?

5      **DEFENDANT PADILLA:**  Yes, your Honor.

6      **THE COURT:**  Mr. Fernandez?

7      **DEFENDANT FERNANDEZ:**  Yes, sir.

8      **THE COURT:**  Ms. Deplanty?

9      **DEFENDANT DEPLANTY:**  Yes, sir.

10     **THE COURT:**  Mr. Hernandez?

11     **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

12     **THE COURT:**  And Mr. Pina?

13     **DEFENDANT PINA:**  Yes, your Honor.

14     **THE COURT:**  And besides this plea agreement, has

15  there been any other promise or assurance or agreement of any

16  kind made with you in exchange of your guilty plea this

17  morning?

18          Ms. Tovar?

19     **DEFENDANT TOVAR:**  No, your Honor.

20     **THE COURT:**  Mr. Trevino?

21     **DEFENDANT TREVINO:**  No, your Honor.

22     **THE COURT:**  Mr. Morales?

23     **DEFENDANT MORALES:**  No, your Honor.

24     **THE COURT:**  Mr. Jimenez?

25     **DEFENDANT JIMENEZ:**  No, your Honor.

60

1          **THE COURT:**  Mr. Rodriguez?

2          **DEFENDANT RODRIGUEZ:**  No, your Honor.

3          **THE COURT:**  Mr. Perez?

4          **DEFENDANT PEREZ:**  No, your Honor.

5          **THE COURT:**  Mr. Padilla?

6          **DEFENDANT PADILLA:**  No, your Honor.

7          **THE COURT:**  Mr. Fernandez?

8          **DEFENDANT FERNANDEZ:**  No.

9          **THE COURT:**  Ms. Deplanty?

10          **DEFENDANT DEPLANTY:**  No, sir.

11          **THE COURT:**  Mr. Hernandez?

12          **DEFENDANT HERNANDEZ-VASQUEZ:**  No.

13          **THE COURT:**  And Mr. Pina?

14          **DEFENDANT PINA:**  No, your Honor.

15          **THE COURT:**  Your plea agreements with your Government

16  are all non-binding plea agreements.  And what that means is

17  the Court is not bound or required to follow them, and you will

18  have no right to take back or withdraw your guilty plea if I do

19  not follow the recommendations or requests contained in this

20  agreement, even if this results in a sentence less favorable to

21  you than what was contemplated by this agreement.

22          Do each of you understand this about your non-binding

23  plea agreements?  Ms. Tovar?

24          **DEFENDANT TOVAR:**  Yes, your Honor.

25          **THE COURT:**  Mr. Trevino?

61

1          **DEFENDANT TREVINO:**  Yes.

2          **THE COURT:**  Mr. Morales?

3          **DEFENDANT MORALES:**  Yes, sir.

4          **THE COURT:**  Mr. Jimenez?

5          **DEFENDANT JIMENEZ:**  Yes, your Honor.

6          **THE COURT:**  Mr. Rodriguez?

7          **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

8          **THE COURT:**  Mr. Perez?

9          **DEFENDANT PEREZ:**  Yes, your Honor.

10          **THE COURT:**  Mr. Padilla?

11          **DEFENDANT PADILLA:**  Yes, your Honor.

12          **THE COURT:**  Mr. Fernandez?

13          **DEFENDANT FERNANDEZ:**  Yes, sir.

14          **THE COURT:**  Ms. Deplanty?

15          **DEFENDANT DEPLANTY:**  Yes, sir.

16          **THE COURT:**  Mr. Hernandez?

17          **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

18          **THE COURT:**  And Mr. Pina?

19        **(No audible response)**

20          **THE COURT:**  Okay.  The Government has also agreed

21   that they will ask the Court to dismiss the remaining charges

22   against you when you come back here to be sentenced.  You need

23   to understand that I am not required to do that; but if I am

24   not going to dismiss the remaining charges against you, then

25   I'm required to advise you of this at the start of your

```
1    sentencing hearing and then give you the opportunity and the

2    right to take back your guilty plea at that time.

3              Do each of you understand this?  Ms. Tovar?

4              DEFENDANT TOVAR:  Yes, your Honor.

5              THE COURT:  Mr. Trevino?

6              DEFENDANT TREVINO:  Yes, your Honor.

7              THE COURT:  Mr. Morales?

8              DEFENDANT MORALES:  Yes, your Honor.

9              THE COURT:  Mr. Jimenez?

10             DEFENDANT JIMENEZ:  Yes, your Honor.

11             THE COURT:  Mr. Rodriguez?

12             DEFENDANT RODRIGUEZ:  Yes, your Honor.

13             THE COURT:  Mr. Perez?

14             DEFENDANT PEREZ:  Yes, your Honor.

15             THE COURT:  Mr. Padilla?

16             DEFENDANT PADILLA:  Yes, your Honor.

17             THE COURT:  Mr. Fernandez?

18             DEFENDANT FERNANDEZ:  Yes, sir.

19             THE COURT:  And Ms. Deplanty?

20        (No audible response)

21             THE COURT:  Okay.  Knowing everything that I've

22   explained to you here throughout this morning, would any of you

23   at this time now like to change your mind and take back or

24   withdraw your guilty plea which I will allow you to do?

25             Ms. Tovar?
```

63

1          **DEFENDANT TOVAR:**  No, your Honor.

2          **THE COURT:**  Mr. Trevino?

3          **DEFENDANT TREVINO:**  No, your Honor.

4          **THE COURT:**  Mr. Morales?

5          **DEFENDANT MORALES:**  No, your Honor.

6          **THE COURT:**  Mr. Jimenez?

7          **DEFENDANT JIMENEZ:**  No, your Honor.

8          **THE COURT:**  Mr. Rodriguez?

9          **DEFENDANT RODRIGUEZ:**  No, your Honor.

10         **THE COURT:**  Mr. Perez?

11         **DEFENDANT PEREZ:**  No, your Honor.

12         **THE COURT:**  Mr. Padilla?

13         **DEFENDANT PADILLA:**  No, your Honor.

14         **THE COURT:**  Mr. Fernandez?

15         **DEFENDANT FERNANDEZ:**  No, sir.

16         **THE COURT:**  Ms. Deplanty?

17         **DEFENDANT DEPLANTY:**  No, sir.

18         **THE COURT:**  Mr. Hernandez?

19         **DEFENDANT HERNANDEZ-VASQUEZ:**  No, your Honor.

20         **THE COURT:**  And Mr. Pina?

21         **DEFENDANT PINA:**  No, your Honor.

22         **THE COURT:**  Okay.  Then, beginning over here to my

23   right, Ms. Tovar, at this time the United States Attorney is

24   now going to describe for me the facts that the Government was

25   prepared to prove if your case had proceeded to a trial.

1          It's important to listen carefully because when she's

2     finished describing all these facts about you, I'm going to ask

3     you if what she said was true or not.

4          Ms. Ferko?

5          **MS. FERKO**:  Beginning sometime in January 2001 until

6     on or about January 2004, the defendant Yolanda Tovar entered

7     into a conspiracy with Mary Rios, Jorge Garcia, Candido Arroyo

8     Alvaron (all phonetic) and others known and unknown to possess

9     with the intent to distribute more than five kilograms of

10    cocaine.

11         On September 12, 2003, an FBI confidential informant

12    introduced the two DEA undercover officers, hereinafter UCs, to

13    Mary Rios at the Golden Corral Restaurant in McAllen, Texas.

14    Rios was recruiting drivers for the Candido Arroyo Alvaron

15    organization.  Rios told the undercover officers that the

16    travel destination would be Daytona, Florida; North Carolina;

17    or Missouri and they received $500 in expense money and $6,000

18    for driving the load.

19         On October 8th, 9th, and 10th, 2003, one of the

20    undercover officers received a series of telephone calls from

21    Rios indicating that she had a loaded vehicle for him and

22    urging him to hurry to McAllen so they can take care of the

23    insurance and registration.

24         On Monday, October 13th, 2003, the undercovers and

25    Rios had a face to face meeting at the Holiday Inn.  Rios was

1  accompanied by her sister-in-law, Yolanda Tovar.  The purpose

2  of this meeting was to arrange to get insurance for the load

3  vehicle and have the vehicle registered in the undercovers'

4  names.

5          In a recorded conversation with one of undercover

6  officers, Yolanda Tovar gave several pointers for driving a

7  load vehicle:  travel to about 11:00, stay in a nice hotel, get

8  on the road early, drive carefully, drive the speed limit.  And

9  she further indicated in the conversation that she had done

10  this several times for Rios.

11          In furtherance of this conspiracy to possess with the

12  intent to distribute cocaine, Yolanda Tovar assisted the

13  undercover officers in obtaining insurance for the vehicle,

14  pointing them out the location where they should purchase the

15  insurance and accompanied them to the Hidalgo County building

16  in an attempt to register the vehicle.  The day she did that it

17  was closed for the holiday.

18          On October 13th -- excuse me, October 14th, 2002,

19  Rios brought the load vehicle to the hotel and gave the

20  undercover the car key.  The undercovers traveled to St. Louis,

21  Missouri where they received calls from Rios.  Once in St.

22  Louis, Missouri, the cocaine -- approximately 9 kilograms --

23  was removed from the hidden compartments in the vehicle.  After

24  the cocaine was removed, the undercovers took the vehicle to a

25  Holiday Inn which was openly transferred to Jose Eramoso Frito

1   and Cornell Atkins (both phonetic).

2          **MR. QUINTANILLA:**  We have just one comment about

3   these events.

4          **THE COURT:**  Uh-huh?

5          **MR. QUINTANILLA:**  It's true that she told the

6   undercover agent, gave her several pointers, but the conclusion

7   that this indicated that she had done this several times for

8   Rios -- Rios is her sister-in-law.

9          **THE COURT:**  Uh-huh?

10          **MR. QUINTANILLA:**  But the truth of the matter is, is

11   that her husband, Rios' brother, Yolanda's husband, told her to

12   make sure the driver knows these tips.  It's not that she had

13   done this before for Rios; that the husband had told her to

14   make sure the driver gets these tips.

15          **THE COURT:**  Okay.  Ms. Ferko?

16          **MS. FERKO:**  Your Honor, I don't think that changes

17   anything as far as the substantial actions in the case.

18          **THE COURT:**  Okay, Ms. Tovar, you've heard the

19   government describe these facts in your case.  Were the facts

20   stated true and correct?

21          **DEFENDANT TOVAR:**  Yes.

22          **THE COURT:**  Okay.  So, is the government going to --

23   or does the government have evidence that this was her only

24   load?  Or was not her only load?

25          **MS. FERKO:**  Your Honor, I cannot speak to that at

1   this point in time.

2            **MR. QUINTANILLA:**  There's no evidence that there were

3   any other loads, your Honor.

4            **THE COURT:**  Okay.  Okay.  Well, I know this is not

5   Ms. Ferko's case.  This is Ms. Profit, who's not here this

6   morning.

7            **MS. FERKO:**  Your Honor, she had to be in Judge

8   Hinojosa --

9            **THE COURT:**  Yes, I understand that everybody was kind

10  of split.  Okay.  Let's move on.  Mr. Trevino, the government

11  is now going to describe for me the facts in your case.  Please

12  listen carefully.

13           **MR. ALANIZ:**  On June 5th, 2007, Jaime Lee Trevino,

14  knowing and in reckless disregard of the fact that Ling Lin

15  (phonetic) was an alien who had come to enter or remain in the

16  United States in violation of law, did knowingly transport,

17  move, attempt to transport and attempt to move said alien in

18  furtherance of such violation of law within the United States;

19  that is, from a location near Hidalgo County, Texas to another

20  location in Falfurrias, Texas by means of a motor vehicle for

21  the purpose of commercial advantage and private financial gain.

22           On that day, border patrol agents patrolling several

23  miles north of the Falfurrias, Texas border patrol checkpoint

24  saw two pickup trucks driven by Jaime Trevino and Julia Trevino

25  (phonetic) stopped on the side of Highway 281.  At that time,

1    the agents saw a group of individuals coming out of the brush

2    and towards the two pickup trucks.  The agents then arrested

3    Jaime Trevino and Julia Trevino, along with 29 illegal aliens,

4    including Ling Lin.

5            Ling Lin is an alien, that is, a citizen of China,

6    and not this United States, who would come to, enter and remain

7    in the United States in violation of law.  Mr. Trevino knew

8    that Ling Lin was an alien who was in the United States

9    illegally and Mr. Trevino knowingly aided and abetted the

10   transportation, movement and attempted transportation and

11   movement of Ling Lin by driving the pickup truck past the

12   Falfurrias, Texas border patrol checkpoint and attempting to

13   leave the pickup truck on the side of the road for the illegal

14   aliens to use to travel to Houston, Texas.  And he committed

15   the offense for the purpose of commercial advantage, personal

16   gain, and he was going to be paid for the aid and

17   transportation of this alien.

18           **THE COURT:**  Mr. Trevino, were these facts stated by

19   the United States Attorney true and correct?

20           **DEFENDANT TREVINO:**  Yes, sir.

21           **THE COURT:**  Is there any part of what he said that

22   you would change?

23           **DEFENDANT TREVINO:**  No.

24           **THE COURT:**  Okay.  Mr. Morales, if you would now

25   please listen carefully.

1          **MS. FERKO**:  On or about August 14th, 2008, Jose

2    Joaquin Morales, the defendant, did knowingly and intentionally

3    possess with the intent to distribute more than 5 kilograms of

4    cocaine, to wit, 6 kilograms of cocaine, near Edinburg, Texas.

5          On the date in question, law enforcement approached

6    the defendant while at the Edinburg Airport.  A search was

7    conducted by Hidalgo County Sheriff officer canine and the dog

8    alerted to the defendant's tote bag, the area where the

9    defendant had been sitting and on a trash can located in the

10   men's restroom.  Agents recovered six bundles, that is,

11   approximately six kilos of cocaine from the inside liner of the

12   trash can.

13         Post-Miranda, defendant Morales stated that he

14   purchased the six bundles of cocaine in McAllen, Texas.  He

15   further stated that he had chartered a plane for $23,000 in

16   cash to fly back to Baltimore, Maryland; put the six bundles in

17   the restroom while he waited.

18         He further stated that he intended to sell each

19   bundle for approximately 29 to 30 thousand dollars back in

20   Baltimore.  Defendant Morales knew that the bundles contained a

21   controlled substance, to wit, cocaine, and knew what he was

22   doing was a violation of law.

23         **THE COURT**:  Mr. Morales, were these facts stated by

24   the U.S. Attorney true and correct?

25         **DEFENDANT MORALES**:  Yes, sir.

1          **THE COURT:**  Okay.  Mr. Jimenez, if you'd please

2     listen carefully.

3          **MS. ALLEN-MCCOY:**  On or about November 24th, 2008,

4     the defendant did knowingly and intentionally import into the

5     United States of America from the United Mexican States more

6     than 50 grams, that is, approximately 3.2 kilograms of

7     methamphetamine, a Schedule II controlled substance.

8          On the day in question, the defendant entered the

9     United States through the Pharr, Texas port of entry driving a

10    Ford F-150.  During secondary, Customs and Border Protection

11    officers discovered six bundles of methamphetamine, a Schedule

12    II controlled substance, concealed inside the heater

13    compartment, weighing approximately 3.2 kilograms.

14         The defendant knew there was a controlled substance

15    concealed in the vehicle when he drove the vehicle from Mexico

16    into the United States.

17         **THE COURT:**  Mr. Jimenez, are these facts stated true

18    and correct?

19         **DEFENDANT JIMENEZ:**  Yes, your Honor.

20         **THE COURT:**  Okay.  Mr. Rodriguez, if you'd now please

21    listen carefully.

22         **MR. WELLS:**  On or about October 2008, the co-

23    defendant Geraldo Zamorez-Reynosa (phonetic) approached the

24    victim Sergio Cepeda and informed the victim that he needed a

25    working agreement with the Zetas in order to continue his drug

1   trafficking activities.  When Cepeda refused, other co-

2   conspirators were recruited to lure the victim to a ranch

3   located near Mission, Texas where the victim would be kidnapped

4   and taken into Mexico.

5           On or about September 8, 2008, the victim arrived at

6   the ranch and was immediately taken hostage.  The victim was

7   later placed in the defendant's vehicle and driven into Mexico,

8   where he was held for ransom.

9           On or about September 8, 2008, the defendants did

10  willfully and unlawfully kidnap, abduct, seize, confine,

11  (indiscernible) to carry away Sergio Cepeda and transport

12  Sergio Cepeda in interstate and foreign commerce and hold him

13  for ransom, reward and for otherwise some benefit or purpose,

14  ransom in the amount of $40,000 and two vehicles.

15          The defendant aided and abetted in the kidnapping by

16  providing his vehicle, knowing that it would be used to

17  transport the victim into Mexico.

18          **THE COURT:**  Mr. Rodriguez, are these facts stated

19  true and correct?

20          **DEFENDANT RODRIGUEZ:**  Yes, your Honor.

21          **THE COURT:**  Any part of what he said that you would

22  change?

23          **DEFENDANT RODRIGUEZ:**  No, your Honor.

24          **THE COURT:**  Okay.  Mr. Perez, if you would now please

25  listen carefully.

1          **MR. ALANIZ**:  On December 27, 2008, Mr. Perez did

2   knowingly and intentionally possess with intent to distribute a

3   controlled substance, to wit, more than 50 but less than 100

4   kilograms, that is, approximately 58 kilograms of marijuana.

5   On that date, the defendant drove a vehicle to the Hidalgo,

6   Texas port of entry from Mexico into the United States.  During

7   inspection of the vehicle, agents found approximately 58

8   kilograms of marijuana hidden in the tires of the vehicle.

9          The defendant possessed the marijuana with the intent

10  to deliver and transfer possession to another individual.

11         **THE COURT**:  Mr. Perez, are these facts stated by the

12  U.S. Attorney true and correct?

13         **DEFENDANT PEREZ**:  Yes, sir.

14         **THE COURT**:  Okay.  Messrs. Padilla and Fernandez, if

15  the two of you would now please listen carefully.

16         **MS. FERKO**:  From on or about January 12, 2009 to on

17  or about January 14, 2009, defendants Daniele Raul Quintana

18  (phonetic), Ramon Padilla, Jr., and Sergio Luis Fernandez did

19  knowingly and intentionally conspire and agree together with

20  person or persons known and unknown to the Grand Jurors to

21  knowingly and intentionally possess with the intent to

22  distribute a controlled substance in volume more than 100

23  kilograms but less than 1,000 kilograms of marijuana, a

24  Schedule I controlled substance.

25         On the date in question, DPS troopers conducted a

1    traffic stop on a tractor-trailer being driven by defendant

2    Fernandez.   Troopers conducted a search of Fernandez' tanker

3    trailer, in which they discovered 577 kilograms of marijuana

4    located in secreted compartments located inside each of the

5    tankers.

6           The defendants entered into an agreement together to

7    possess the marijuana with the intent to deliver or transfer

8    possession to another individual.   Each defendant knew the

9    unlawful purpose of the agreement, joined in it willfully; that

10   is, with the intent to further the unlawful purpose.

11          Defendant Padilla furthered the unlawful purpose of

12   the agreement by providing the equipment used to facilitate the

13   loading of the marijuana and transportation of the marijuana

14   and, specifically, loaded the marijuana into the tanker

15   trailer.

16          Defendant Fernandez furthered the unlawful purpose of

17   the agreement by allowing his tanker to be used to transport

18   the marijuana and by driving the tanker, knowing it contained

19   marijuana to another location.

20          **THE COURT:**  Mr. Padilla, were the facts stated by the

21   United States Attorney true and correct?

22          **DEFENDANT PADILLA, JR.:**  Yes, your Honor.

23          **THE COURT:**  Okay.  Mr. Fernandez, were the facts

24   stated by the U.S. Attorney true and correct?

25          **DEFENDANT FERNANDEZ:**  Yes, your Honor.

74

1          **THE COURT:**  Okay, Ms. Deplanty, if you would now

2    please listen carefully.

3          **MS. RIGNEY:**  On or about February 20th, 2009, the

4    defendant did knowingly and intentionally import into the

5    United States from Mexico 3.8 kilograms of cocaine, a Schedule

6    II controlled substance.

7          On the day in question, the defendant drove into the

8    United States from Mexico at the Hidalgo, Texas port of entry.

9    Upon inspection of her vehicle, inspectors found 3.8 kilograms

10   of cocaine located in the vehicle's oil pan.

11         The defendant knew the vehicle she drove across the

12   border contained a controlled substance.

13         **THE COURT:**  Ms. Deplanty, were the facts stated by

14   the United States Attorney true and correct?

15         **DEFENDANT DEPLANTY:**  Yes.

16         **THE COURT:**  Okay, Mr. Hernandez, if you'd now please

17   listen carefully.

18         **MS. FERKO:**  On or about April 18th, 2009, defendant

19   Jose Oriol Hernandez-Vasquez, in reckless disregard of the fact

20   that Jose Soto-Lopez, Porfirio Sinfuentes-Villanueva and Monica

21   Grimaldo, aliens who had come to, entered and remained in the

22   United States in violation of law, did knowingly transport,

23   move, attempt to transport and attempt to move said aliens from

24   a location near Los Ebanos, Texas to another location near

25   Sullivan City, Texas by means of a motor vehicle.

1          On that day, law enforcement initiated a traffic stop

2     on a vehicle driven by the defendant Hernandez-Vasquez.  The

3     defendant Hernandez-Vasquez was determined to be a Mexican

4     citizen with a valid B-1/B-2 laser and Jose Soto-Lopez,

5     Porfirio Sinfuentes-Villanueva and Monica Grimaldo were all

6     citizens of Mexico and non-citizens of the United States, along

7     with another illegal alien, were apprehended by law

8     enforcement.

9          Jose Soto-Lopez stated he was going to pay $500 to be

10    smuggled to Mission, Texas.  Defendant Hernandez-Vasquez knew

11    or reckless disregarded the fact that these individuals were

12    aliens who had come to, entered and remained in the United

13    States in violation of law.  He knew what he was doing was

14    wrong, but did it anyway.

15         **THE COURT:**  Mr. Hernandez, were these facts stated by

16    the United States Attorney true and correct?

17         **DEFENDANT HERNANDEZ-VASQUEZ:**  Yes, sir.

18         **THE COURT:**  Okay.  Mr. Pina, if you'd now please

19    listen carefully.

20         **MS. RIGNEY:**  On or about April 21st, 2009, Roberto

21    Jason Pina, knowing and in reckless disregard of the fact that

22    Miguel Angel Aguilar-Diaz DeLeon was an alien who had come to,

23    entered and remained in the United States in violation of law

24    and did knowingly transport, move, attempt to transport and

25    attempt to move said alien in furtherance of such violation of

1    law within the United States; that is, from a location near

2    Roma, Texas to another location near Roma, Texas by means of a

3    motor vehicle for the purpose of commercial advantage and

4    private financial gain.

5          On the day in question, federal agents observed

6    several subjects run from the Rio Grande River into a vehicle.

7    Agents identified the driver of the vehicle as Roberto Jason

8    Pina.  Upon inspection of the vehicle, agents found Miguel

9    Angel Aguilar-Diaz DeLeon and four other aliens in the vehicle

10   as passengers.

11          Agents determined that the five individuals were

12   aliens; that is, citizens of Mexico and non-citizens of the

13   United States who did not have permission to be in the United

14   States.

15          The defendant knew and recklessly disregarded the

16   fact that five individuals were aliens who had come to, entered

17   and remained in the United States in violation of law.

18   Defendant knew the unlawful purpose of the agreement and joined

19   it willfully; that is, with the intent to further its unlawful

20   purpose.

21          Defendant furthered the unlawful purpose of the

22   agreement by driving the vehicle and picking up the illegal

23   aliens near Roma, Texas and by transporting them to another

24   location near Roma, Texas with the intent to further their

25   unlawful presence in the United States.

1        The defendant further admitted that he was to be paid

2    to transport said aliens.

3        **THE COURT:**  Mr. Pina, were these facts stated by the

4    U.S. Attorney true and correct?

5        **DEFENDANT PINA:**  Yes, your Honor.

6        **THE COURT:**  Okay.  It's the finding of the Court,

7    then, in each of these cases that each of these defendants is

8    competent and capable of entering informed pleas.  Each of them

9    understands the nature of these charges, the consequences of

10   their guilty pleas and the maximum punishment that they face

11   and these pleas of guilty are knowing and voluntary pleas

12   supported by facts that contain each of the elements of the

13   offense.

14       The Court, therefore, accepts each of these guilty

15   pleas and each of these defendants is adjudged guilty of the

16   offense.

17       Okay.  The next step in this process for all 11 of

18   you is that a probation officer will be assigned to your case.

19   That officer is responsible for preparing the pre-sentence

20   report about you.  That's a report the Court relies upon in

21   part in determining a fair sentence for you.

22       The officer will contact you in the next couple of

23   weeks.  They'll ask you questions about your family, your

24   education, your employment, this incident and other criminal

25   history and similar questions.  And after they gather all of

1    this information, they will type up the report.  A copy is

2    given to your lawyer who will meet with you -- required to meet

3    with you and review the report with you to make sure everything

4    there is correct.

5             And then, you'll come back here to be sentenced in

6    late July and when you do, you'll have the opportunity to speak

7    to the Court.  If there's anything you want me to consider in

8    determining a fair sentence for you, you'll have the chance to

9    bring it to my attention at that time.

10            I'm ordering in your cases, Ms. Tovar, Mr. Trevino,

11   Mr. Morales, Jimenez, Rodriguez; in your five cases I'm

12   ordering that the pre-sentence report be prepared by June 15th

13   with any objections within two weeks.  And the five of you are

14   set for sentencing here on Monday, July 20th at 2:00 p.m. --

15   Monday, July 20th at 2:00 p.m.

16            For the rest of you, Mssrs. Perez, Padilla,

17   Fernandez, Deplanty, Hernandez, Pina; in your six cases I'm

18   ordering that the pre-sentence report be prepared by June 17th,

19   with any objections within two weeks.  And the six of you are

20   set for sentencing here on Wednesday, July 22nd at 2:00 p.m. --

21   Wednesday, July 22nd at 2:00 p.m.

22            Okay.  Messrs. Trevino and Perez, you'll need to

23   remain here.  Everyone else -- well, I'm sorry.  Are you on

24   bond, also?  Anybody who's on bond must remain here.  If you're

25   in custody, you're dismissed at this time.

1          **MR. QUINTANA:**  May it please the Court.  Can I

2    approach the bench with Mr. Rodriguez?

3          **THE COURT:**  Okay.  You may.  Who's the lawyer on that

4    case?

5          **MR. QUINTANA:**  Mr. Wells.

6      **(Sealed Bench conference 11:00 a.m. to 11:02 a.m.)**

7          **THE COURT:**  Okay.  Mr. Trevino, any prior criminal

8    history?

9          **MR. MERINO:**  No, your Honor.

10          **THE COURT:**  How many aliens?  This is an alien case,

11    right?

12          **MR. ALANIZ:**  Twenty-nine at that time, Judge.

13          **THE COURT:**  Twenty-nine?

14          **MR. ALANIZ:**  Yes, sir.  At this time we'd ask the

15    Court to find special circumstances, Judge.  We need to meet

16    with Mr. Trevino.  We'd ask the Court to have him stay out on

17    bond.

18          **THE COURT:**  He's a stash house operator, allegedly?

19          **MR. ALANIZ:**  No, Judge.  Basically a driver.  He

20    would deliver the vehicle north of the checkpoint and drive it

21    off.  Some scouting.  Scouting for law enforcement officers.

22          **THE COURT:**  How were there so many aliens?

23          **MR. ALANIZ:**  I'm sorry, Judge?

24          **THE COURT:**  There's a lot of aliens.

25          **MR. ALANIZ:**  There was 29 on that particular day,

1    yes, sir, that were seized at that time.  Arrested.

2              THE COURT:  Okay.  Were they all in a vehicle?  Were

3    they on foot?

4              MR. ALANIZ:  What happened, Judge, is they dropped

5    off the aliens south of the checkpoint.

6              THE COURT:  Uh-huh.

7              MR. ALANIZ:  They walked around the checkpoint.

8              THE COURT:  Sure.

9              MR. ALANIZ:  Mr. Trevino and his co-defendant drove

10   two trucks north of the checkpoint --

11             THE COURT:  To pick them up.

12             MR. ALANIZ:  -- and they were going to drop them off.

13   They just drop off the trucks --

14             THE COURT:  Ah, okay.

15             MR. ALANIZ:  -- and the aliens, along with -- the

16   driver usually is the walker.

17             THE COURT:  The guide.

18             MR. ALANIZ:  And they get picked up and then they

19   scout all the way to Houston.  They don't drive the trucks with

20   the load themselves.

21             THE COURT:  Okay.

22             MR. ALANIZ:  But his role was to drop off the truck -

23   -

24             THE COURT:  Uh-huh.

25             MR. ALANIZ:  -- on the side of the road so the aliens

81

 1   could use it to go to Houston.

 2           **THE COURT:**  Okay.  But he's --

 3           **MR. MERINO:**  It was two pickups, Judge.

 4           **MR. ALANIZ:**  Two pickup trucks, yes.

 5           **THE COURT:**  Okay.  Wow.  Well, there's a lot of

 6   issues on that case.  Two pickups?  They were going to

 7   transport these people in the rear bed of a pickup -- 29 people

 8   in two pickups.

 9           **MR. ALANIZ:**  If we could approach the Court?  I mean,

10   I don't want to -- could we approach the Court real quick?

11           **THE COURT:**  Okay.

12       **(Sealed Bench conference from 11:04 a.m. to 11:06 a.m.)**

13           **THE COURT:**  Okay.  You're excused, Mr. Trevino.

14           Ms. Deplanty?

15           **MR. BRYAN:**  Yes, your Honor.

16           **THE COURT:**  Okay.  Here, let me give this one back to

17   you.

18           **MR. BRYAN:**  Your Honor, I guess we would -- she's

19   never been in trouble before, your Honor.  She's been complying

20   with pretrial services.

21           **THE COURT:**  What are her -- are there any special --

22           **MR. BRYAN:**  There are, your Honor.

23           **THE COURT:**  -- conditions?

24           **MR. BRYAN:**  There have already been previous

25   meetings.

1          **THE COURT:**  She's a 5 to 40?  Or she's a 10 to life?

2          **MR. BRYAN:**  Five to 40.  There's already been

3    meetings, your Honor, in furtherance of the investigation.

4    There's a second meeting scheduled for today.  And we believe

5    that it's important to the ongoing --

6          **THE COURT:**  Well, okay.  Let me -- who's the agent?

7    Ms. Rigney?  Sorry, the lawyer; not the agent.

8          **(Sealed Bench conference from 11:07 a.m. to 11:12 a.m.)**

9          **(A recess was taken from 11:12 a.m. to 12:02 p.m.)**

10          **THE COURT:**  Okay.  Good morning, again.  Please be

11    seated.  Okay.  We're here in Ms. Deplanty's case, which is

12    09cr262, *U.S.A. versus Anita Deplanty.*

13          **MS. RIGNEY:**  Government's present and ready.

14          **THE COURT:**  Okay.  Tell me the status of what

15    happened?

16          **MR. BRYAN:**  Your Honor, my understanding is the

17    government wouldn't have any objection to Ms. Deplanty

18    remaining out on bond; however, I think the government would

19    like perhaps a status hearing to be set 30 days from now to --

20          **THE COURT:**  What happened for the last 45 minutes?

21    Did she do anything?  Did she talk to the agents?

22          **MS. RIGNEY:**  She actually met with Agent Renaud, who

23    is in the courtroom.

24          **MR. BRYAN:**  Your Honor, we've also -- we've contacted

25    our Houston office and we're going to make arrangements to have

1   Ms. Deplanty travel to Houston in order to be taken to sites to

2   verify some of the information she's already given.  She's out

3   on bond.  She can travel at her own expense, your Honor.

4          That's all we're requesting, the 30 days.  That way

5   to allow the information either to come to fruition or, if it

6   hasn't and she's been given that opportunity to do so or the

7   information hasn't panned out, and then the government after 30

8   days can request that her bond be revoked.

9          **THE COURT:**  Ms. Rigney, did Ms. Deplanty appear to be

10  open, forthcoming, flowing with information?  Or did it appear

11  as though she was holding back information, being less than

12  forthright?

13         **MS. RIGNEY:**  Your Honor, while she did identify an

14  individual who she was able to confirm with agents, it did not

15  appear that she was being forthcoming.  To me, it did not

16  appear that she was being open.  In fact, I was definitely

17  questioning some of what she was saying just didn't make sense.

18         **THE COURT:**  I don't need her out on bond.  Being out

19  on bond is a -- you don't have a right to be out on bond.

20         **DEFENDANT DEPLANTY:**  May I say something?

21         **THE COURT:**  No, I've heard enough.  I've heard

22  enough.  I gave you a chance.  I gave you 30 to 45 minutes to

23  meet with an agent to be truthful, candid, forthright, honest;

24  to give me your attempts to come clean on this case; to help

25  yourself.  It was something -- it was an opportunity I was

84

1    giving you I didn't have to give you and you blew it.  So,

2    you're going to be in custody now.

3            If things change in 30 days, you can always file a

4    motion to reconsider.  Okay.  I'm going to remand you to the

5    custody of United States Marshals.

6            **THE CLERK:**  All rise.

7        **(Proceeding was adjourned at 12:05 p.m.)**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## <u>CERTIFICATION</u>

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    <u>July 29, 2010</u>

            Signed                                    Dated



               *TONI HUDSON, TRANSCRIBER*

EXCEPTIONAL REPORTING SERVICES, INC