UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 7:08-CR-01751-4 |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | McAllen, Texas |
| | ) | |
| JOSE ALFREDO RODRIGUEZ, | ) | Friday, May 7, 2010 |
| | ) | (8:56 a.m. to 9:07 a.m.) |
| Defendant. | ) | |

SENTENCING

BEFORE THE HONORABLE RANDY CRANE,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For Plaintiff: | ROBERT WELLS, JR., ESQ.<br>Assistant United States Attorney<br>1701 W. Business Hwy. 83, Suite 600<br>McAllen, TX 78501 |
| For Defendant: | CARLOS QUINTANA, ESQ.<br>Attorney at Law<br>1548 Dove Avenue<br>McAllen, TX 78504 |
| U.S. Probation Office: | Jim Fletcher<br>1701 W. Business Hwy. 83, Suite 729<br>McAllen, TX 78501 |
| Court Recorder: | Richard Cortez |
| Transcribed by: | Exceptional Reporting Services, Inc.<br>P.O. Box 18668<br>Corpus Christi, TX 78480-8668<br>361 949-2988 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1          **McAllen, Texas; Friday, May 7, 2010; 8:56 a.m.**

2                              **(Call to Order)**

3          **THE COURT:** 08-CR-1751-4, USA versus Jose Alfredo

4   Rodriguez.

5          **MR. WELLS:** Government's present and ready.

6          **MR. QUINTANA:** Carlos Quintana for Mr. Rodriguez.

7   He's present and ready for sentencing.

8          **THE COURT:** Okay.  Mr. Rodriguez, when you were here

9   -- it's been a couple of weeks now, and what I told you was

10  you'd only pled guilty to one charge and the Government had

11  agreed that it would ask me to dismiss the remaining charges

12  against you, and at the time I was not interested in doing

13  that.  I wanted to make sure that you were accountable for all

14  of these other actions.

15         And after further discussion with everyone and

16  further deliberation, I've decided that I am going to dismiss

17  all the remaining charges against you.

18         I did give you the opportunity to withdraw your

19  guilty plea.  You haven't yet.  I don't know that I'm legally

20  required to give you another opportunity to withdraw your

21  guilty plea because I -- the only reason I was -- I had to give

22  you that opportunity was because I was not going to dismiss the

23  remaining charges.  But I'm going to do that now.

24         In an abundance of caution now, I just want to ask

25  you, would you like to withdraw your guilty plea or would you

1  like to continue to plead guilty?
2           **THE DEFENDANT:** No.
3           **MR. QUINTANA:** We'll continue.
4           **THE COURT:** Continue. Okay. Then -- and we went
5  over -- I don't know how far we got in -- regarding your
6  presentence report so I may ask you some questions I've already
7  asked you. Just -- so bear with me.
8           First of all, have you had the opportunity to review
9  and discuss your presentence report with your attorney?
10          **THE DEFENDANT:** Yes, your Honor.
11          **THE COURT:** Did you have any questions about your
12 presentence report that your lawyer could not answer for you?
13          **THE DEFENDANT:** No, your Honor.
14          **THE COURT:** And was everything generally correct in
15 that presentence report?
16          **THE DEFENDANT:** Yes, your Honor.
17          **THE COURT:** Okay. Okay. Let's see here. Let's deal
18 with the easiest issue first. The acceptance of
19 responsibility, third point, I assume the Government would move
20 for that?
21          **MR. WELLS:** We so move for the additional point, your
22 Honor.
23          **THE COURT:** Okay. He had a base offense of 32.
24 Because a ransom was demanded he received a 6 point
25 enhancement. The injury enhancement was 2 points, serious

1  injury, again, I know he had some involvement in the case where
2  there was likely a death.  Mr. Zepeda, with a Z, I know was
3  never heard from again.
4         But I was advised that your role in that case, if
5  any, well the Government's allegation of your role is that you
6  might have been doing some lookout surveillance work in your
7  car.  You were not directly involved with that incident
8  involving the kidnapping of Mr. Zepeda with a Z.  And so even
9  though I might enhance you for that, I would take it back out
10 finding you were a minor participant, so I'm simply not going
11 to reach that issue here.
12        There were weapons involved in these kidnappings so
13 you'll receive a 2 point enhancement there.  I do take 3 points
14 off.  That brings you down to a level 40 which is how you
15 guidelined out on your presentence report.
16        Anything further you'd like to add, Mr. Quintana?  I
17 know we spoke at length about this off the record, but now that
18 we're on the record if you'd like to add anything now is your
19 opportunity.
20        **MR. QUINTANA:**  Well, your Honor, I'm just asking the
21 court to consider the -- our plea for downward departure as
22 laid out in our objections that we filed with the court.
23        **THE COURT:**  Okay.  The court's considered all those
24 at great length.  Mr. Rodriguez, let me allow you your
25 opportunity to speak.  You don't have to, but if there's

1  something that you would like for me to consider before I
2  determine and conclude what your sentence is going to be, now
3  is your chance to speak.
4         **THE DEFENDANT:**  First of all, I would like to
5  apologize for being in this court today, your Honor.
6         **THE COURT:**  Mm-hmm.
7         **THE DEFENDANT:**  I didn't mean to get involved in this
8  but by the time I realized, I mean, there's nothing I could do
9  about it.  I know there's no excuse for it.
10         **THE COURT:**  Mm-hmm.
11         **THE DEFENDANT:**  I know people got hurt in the
12  process, that includes my family --
13         **THE COURT:**  Mm-hmm.
14         **THE DEFENDANT:**  -- especially my two little girls.
15  Because, I mean, I haven't seen them ever since I been in jail,
16  for about a year and a half.  I know that the sentence that I
17  get from you, I know it's going to be right.  I just hope that
18  when I get out, I just hope society can give me a second chance
19  when I go back to my normal living so I can get back to my
20  family.
21         **THE COURT:**  Okay.  Mr. Wells, you want to -- I'm
22  trying to understand his involvement in the Mr. Zepeda and
23  Adrian Trevino kidnappings is about the same.  He was involved
24  in the actual abduction and then transportation on this side of
25  the river of those individuals?

1       **MR. WELLS:** Correct, your Honor.

2       **THE COURT:** Did he -- was he -- did he ever drive

3  them across into Mexico?

4       **MR. WELLS:** He actually had the victims in the trunk

5  of his car when they were taking them to Mexico.

6       **THE COURT:** Into Mexico. Okay. That was --

7       **MR. WELLS:** That's our information.

8       **THE COURT:** Okay. (indiscernible) information.

9  Okay.

10      **MR. QUINTANA:** Your Honor?

11      **THE COURT:** Uh-huh?

12      **MR. QUINTANA:** His version obviously differs from Mr.

13 Wells' to the extent that Mr. Cepeda with a C was actually

14 inside the vehicle not in the trunk of the car. He was -- he

15 was inside. He was speaking on the phone with his family as

16 they were going across, for that matter, not in the trunk of

17 the car.

18      **THE COURT:** Why didn't he alert law enforcement then

19 on outbound inspection? It seemed like he would scream, yell,

20 do something.

21      **MR. QUINTANA:** Well, your Honor, because these folks

22 sort of knew each other. They were kind of engaged in the same

23 illegal conduct including Mr. Cepeda with a C.

24      And as the court may remember, this incident had

25 developed because Mr. Cepeda was engaged in the trafficking and

1  he was not asking permission to use some of the routes --
2            **THE COURT:**  Mm-hmm.
3            **MR. QUINTANA:**  -- that -- or paying fees or dealers
4  or whatever it is that, you know, whatever conduct they engage
5  in, for the privilege of using those roads to move their drugs.
6  And so they kind of knew each other.
7            **THE COURT:**  And how much was paid for the release of
8  Mr. Cepeda?
9            **MR. WELLS:**  I believe they took three vehicles from
10 his used car business.  Mr. Rodriguez was the one individual
11 that took the vehicle because --
12           **THE COURT:**  Mm-hmm.
13           **MR. WELLS:**  -- he provided a copy of his photo ID
14 driver's license.
15           **THE COURT:**  And then for Mr. Trevino?
16           **MR. QUINTANA:**  He was released, your Honor, unharmed.
17           **THE COURT:**  What was the ransom paid for him?
18           **MR. WELLS:**  For who?
19           **THE COURT:**  Mr. Trevino, Adrian Trevino?
20           **MR. WELLS:**  I don't think it was really towards him,
21 it was more towards Mr. Cepeda and he just happened to be with
22 Mr. Cepeda when they went to the ranch.
23           **THE COURT:**  Okay.
24           **MR. WELLS:**  He was really the target of their
25 kidnapping of Mr. Cepeda with a C.  He just happened to be at

1   the wrong place at the wrong time.
2           **MR. QUINTANA:**  That's correct, your Honor.
3           **THE COURT:**  Okay.  Okay.  Anything further from
4   anyone?
5           **MR. WELLS:**  Not from the Government, your Honor.
6           **MR. QUINTANA:**  No, your Honor.
7           **THE COURT:**  Okay.  The court adopts the factual
8   finding contained within the presentence report.  You're
9   granting that third acceptance point, comes out to a level 39.
10  Mr. Mills, is that correct?
11          **MR. QUINTANA:**  That is correct, your Honor.
12          **THE COURT:**  Everybody agrees?  Okay.  That's -- I'm
13  sorry, Mr. Mills doesn't even work here anymore.  Excuse me Mr.
14  Fletcher.  Okay.  So that's 262 to 327 months.  He has no
15  criminal history so that's his guideline range.
16          Again, I want to account for all this conduct.
17  That's where he guidelines out on this one particular incident.
18  So I considered those factors under 18 USC 3553.  Again,
19  including all those things raised in objections and in the
20  presentence report and conclude that the sentence within these
21  guidelines satisfies them.
22          Do a little bit of math here real quick.
23          Again as I mentioned, a sentence within these
24  guidelines satisfies all those factors when I consider them,
25  again in particular my desire to avoid unwarranted sentencing

1  disparity.

2          I want to sentence him commensurate with others that
3  were equally culpable but to a sentence lesser than those more
4  culpable or those that did not accept responsibility, yet a
5  sentence greater than those who did accept responsibility and
6  did actively assist or substantially subsist the Government in
7  the prosecution of others, which Mr. Gonzales has not yet done.
8  But I understand there might be a possibility in the future.

9          **MR. QUINTANA:**  Mr. Rodriguez.

10         **THE COURT:**  Mr. Rodriguez has not yet done so I want
11 to again consider that.

12         I conclude again this sentence that I'm going to
13 pronounce satisfies them and therefore, pursuant to the
14 Sentencing Reform Act of 1984, it's the judgment of the court
15 the defendant, Mr. Rodriguez, is committed to the custody of
16 the Bureau of Prisons to be imprisoned for a term of 288
17 months.  That's 24 years.

18         Upon release from imprisonment, he is placed on
19 supervision for four years.  Within 72 hours of his release
20 from the custody of the Bureau of Prisons, defendant is to
21 report in person to the probation office in the District to
22 which he's released.

23         While on supervision he's not to commit another
24 federal, state, or local crime, he is to comply with the
25 standard conditions adopted by this court or abide by any

1  mandatory conditions required by law.  In addition, he's not to
2  possess a firearm or other destructive device.  He's to
3  cooperate in providing a DNA sample.  Let's see.
4        You're a US citizen, so you're not going to be
5  deported.  I do find that you're not able to pay a fine so I
6  waive the fine in your case but you are assessed a $100 special
7  assessment which is payable immediately.
8        Mr. Rodriguez, you can appeal this sentence.  You
9  would have 10 days to do so.  If you cannot afford the cost of
10 an appeal, you could ask that I waive these costs of an appeal.
11       Remaining counts, Mr. Wells?
12       **MR. WELLS:**  Yes, your Honor, we move to dismiss the
13 remaining counts as to this defendant.
14       **THE COURT:**  So ordered.  Remaining counts are
15 dismissed as to this defendant.
16       Mr. Rodriguez, best of luck to you, sir.  As you know
17 there are ways to reduce your -- this rather lengthy sentence.
18 I hope you'll take advantage of them.  You're a young man, you
19 still have a lot of life ahead of you.  I know you got family
20 and others who want -- care about you and want you out of
21 prison.  So I hope you'll take advantage of those opportunities
22 again.
23       **MR. QUINTANA:**  Will he get credit for time served,
24 your Honor?
25       **THE COURT:**  Yes.  You will get credit for time

1  served.
2         **THE DEFENDANT:** Thank you.
3         **MR. QUINTANA:** Thank you, your Honor.
4         **THE COURT:** You have 14 days to appeal. Best of luck
5  to you, sir.
6      **(Proceeding adjourned at 9:07 a.m.)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

        */s/ Toni Hudson*                      August 7, 2018

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC